STATE OF MINNESOTA *vs.* M. E. WOODLING.

Argued April 11, 1893.    Decided April 27, 1893.

**Waiving Jury in a Trial for Misdemeanor.**
    The defendant in a criminal case in the municipal court of Minneapolis
    (which has jurisdiction only of offenses cognizable before a justice of
    the peace) may waive a jury, and consent to trial by the court.

**Findings Justified by Evidence.**
    Evidence *held* sufficient to justify the finding.

Appeal by defendant, M. E. Woodling, from a judgment of the
Municipal Court of the City of Minneapolis, *Stephen Mahoney*, J.,
entered November 3, 1892, convicting him of assault and battery
upon Fred E. Harlow.    See *State* v. *Bannock, post,* p. 419.

*S. M. Finch,* for appellant.

Wherever the right of trial by jury could be had under the Ter-
ritorial law, it may now be had, and the legislature cannot abridge

it. *Wallon* v. *Bancroft*, 4 Minn. 109, (Gil. 70;) *Commissioners* v. *Morrison*, 22 Minn. 178.

Where rights are acquired by the citizen under the existing laws, there is no power in the Legislature to take them away. *Wynehamer* v. *People*, 13 N. Y. 378; *Taylor* v. *Porter*, 4 Hill, 140; *Beaupre* v. *Hoerr*, 13 Minn. 366, (Gil. 339;) *Baker* v. *Kelley*, 11 Minn. 496, (Gil. 358.)

The distinction between the case of *State* v. *Sackett*, 39 Minn. 69, and the one at bar is, that the court there held that the accused might be tried by his consent by a jury of less than twelve. The majority opinion in *State* v. *Carman*, 63 Iowa, 130, holds that a defendant in a criminal action cannot waive his right to a jury trial.

*Henry W. Childs*, Attorney General, and *D. F. Simpson* and *M. D. Purdy*, for the State.

There can be no constitutional question about the right of the Legislature in this State to prescribe by statute that a jury trial may be waived by the parties in all cases. Const. art. 1, § 4; *In re Staff*, 63 Wis. 285; *State* v. *West*, 42 Minn. 147.

It is unnecessary to go into any discussion of the distinction which the courts make, between felonies and misdemeanors. *State* v. *Sackett*, 39 Minn. 69; *State* v. *Robinson*, 43 La. Ann. 383. The defendant may consent to waive the right to have a jury trial. *Moore* v. *State*, 22 Tex. App. 117; *State* v. *Cottrill*, 31 W. Va. 162; *State* v. *Potter*, 16 Kan. 80; *Murphy* v. *State*, 97 Ind. 579; *Dillingham* v. *State*, 5 Ohio St. 280; 1 Am. Crim. Law Mag. 193.

MITCHELL, J. The defendant, having been arraigned before the municipal court of Minneapolis upon a complaint for assault and battery, pleaded not guilty, and expressly waived a jury, and thereupon the court, having tried the case, found the defendant guilty, and ordered that he pay a fine of $25.

The defendant on appeal raises two points: *First*, that the judgment was not justified by the evidence; and, *second*, that the court had no jurisdiction to render judgment without the verdict of a jury.

1. All we deem necessary to say upon the first point is that, even upon defendant's own testimony, he was guilty of an assault and battery. As the battery was not serious, and as the provocation from the indecent conduct of the complaining witness was great, we would have been better satisfied if the court had imposed a lighter fine; but this furnishes no ground for a reversal.

2. As to what constitutional rights may be waived by defendants in criminal cases, and particularly whether they can waive the right of trial by jury, is a subject upon which much has been written, and upon which there is much difference of opinion.

Without going into any general discussion of the subject, we may say that it seems to us that perhaps the true criterion is whether the right is a privilege intended merely for the benefit of the defendant, or whether it is one which also affects the public, or goes to the jurisdiction of the court. If it belongs to the first class, we see no good reason why the accused may not waive it; but, if it belongs to the latter, it would seem that no consent on his part could amount to a valid waiver. And the different views entertained as to the nature and object of constitutional provisions relating to the right of trial by jury in criminal cases will probably account for the conflict of decisions as to whether it can be waived.

Those who construe the right as a matter in which the public has no interest, and which is not jurisdictional, but designed solely for the protection of the defendant, naturally hold that it may be waived; while those who take the view that it affects the public as well as the defendant, or that it relates to the constitution of the court, of which it is intended to make the jury an essential part, as naturally hold that it cannot be waived. If our constitution provided, as did the original constitution of the United States, (article 3, § 2,) that "the trial of all crimes (except in cases of impeachment) shall be by jury," there would be good grounds for arguing that a jury was intended to be an essential part of a constitutional tribunal for the trial of crimes, without which it would not be legally constituted, any more than it would be without a judge. But our constitution contains no such provision. Its language is, (article 1, § 6:) "In all criminal prosecutions the accused shall enjoy the right to a speedy and public

trial by an impartial jury," etc. This language imports merely a gránt or guaranty of a right to the accused for his own protection, and seems to us never to have been intended to prescribe the organization of the court, or to make a jury an essential part of it. If this be so, it necessarily follows that the presence or absence of a jury is not a jurisdictional matter,—that is, it does not go to the constitutional organization of the court,—and that, if the defendant cannot waive a jury trial, it must be purely upon grounds of public policy, and because the public have such an interest in the life and liberty of the citizen that he ought not to be allowed to waive this safeguard which the constitution has thrown around him. If the right is intended merely for his protection, it is difficult to see why on principle he may not waive it, or why any distinction in that regard should be made between the right to a jury trial and various other rights which it is uniformly held that he can waive. It is also difficult to perceive the distinction sometimes made in this respect between misdemeanors and felonies, unless it be founded on considerations of public policy growing out of the greater severity of punishment in case of the latter. The logic of both the decision and the reasoning in *State* v. *Sackett,* 39 Minn. 69, (38 N. W. Rep. 773,) would tend strongly to the conclusion that the accused, irrespective of any statute authorizing it, might waive a jury in any criminal case; for a "jury," within the meaning of the constitution, imports a body of twelve men. *State* v. *Everett,* 14 Minn. 439, (Gil. 330.) But we are not at present prepared, neither is it necessary in this case, to go that far. As already suggested, if the accused cannot waive a jury, his inability to do so must rest wholly upon some supposed consideration of public policy. The constitution contains no provision forbidding him to do so, or prohibiting the legislature from permitting it to be done. On many matters, what is and what is not in accordance with public policy is largely within the discretion of the legislature. In fact, public policy is largely the creation of the legislature. In the absence of any constitutional prohibition, we fail to see why a declaration of legislative views as to the policy of permitting the accused to waive a jury trial is not decisive of the matter. Now, from the earliest territorial days, long antedating the adoption of the constitution, we had, and still have, a statute authorizing, or at least recogniz-

ing, the right of defendants accused of any offense cognizable by justices of the peace to waive a jury, and submit to trial by the court. Rev. St. 1851, ch. 69, art. 4, § 172; 1878 G. S. ch. 65, § 146. So far as we are aware, these statutes have been uniformly acted upon, and their validity never called in question. This conclusively shows that, in the view of the legislature, it is expedient and in accordance with public policy to permit a jury to be waived in the case of all those petty offenses which are triable by justices; and this is the view taken in most, if not all, other jurisdictions. When the legislature created the municipal court of Minneapolis, it provided that "it should have exclusive jurisdiction to hear all complaints, and conduct all examinations and trials, in criminal cases arising or triable within the city of Minneapolis *heretofore cognizable before a justice of the peace.*" Sp. Laws 1889, ch. 34, § 2. In other words, the municipal court took the place of justices of the peace, its criminal jurisdiction being the same, and not greater. The act creating the court does not in terms provide for the waiver of a jury trial by the defendant, as in justice's court, but it seems to us that this is necessarily implied. There is no reason why, if it was policy to permit defendants to do so in justice's court, it was not equally so to permit it in the same class of cases before the municipal court. It is urged that the fact that a defendant has a right of appeal from a justice to the district court where he may have a trial *de novo*, before a jury, while no such right of appeal is given from the municipal court, (the appeal from the latter being directly to the supreme court,) renders the statute relating to the waiver of a jury in justice's court inapplicable to the municipal court.

If the statute assumed to *deny* the defendant the right to a jury in justice's court, there would be some force in this suggestion. But it does nothing of the kind; it merely authorizes him to waive the right if he sees fit to do so. We cannot see how the difference in the right of appeal (which is a purely statutory right) has any bearing on the question. Our conclusion therefore is that a defendant may waive a jury in the municipal court the same as in justice's court.

See *In re Staff,* 63 Wis. 285, (23 N. W. Rep. 587,) in which it is evident that the court, but for its regard for the rule of *stare*

*decisis,* would have gone still further, and held that no legislative sanction whatever was necessary to permit the defendant to waive a jury trial in such cases.

Judgment affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1068.)