STATE OF MINNESOTA vs. FRANK C. BANNOCK.

Argued May 15, 1893. Decided June 6, 1893.

53 419
o78 348

**Trial by Jury may be Waived**
One accused in the municipal court of the city of Duluth of a criminal offense within the jurisdiction of justices of the peace may waive the right of trial by jury.

**If Waived it cannot be Recalled at Will.**
The right, having been waived, cannot be recalled at will.

Frank C. Bannock was accused of larceny and convicted in the Municipal Court of the City of Duluth. Questions of law arose on the trial which, in the opinion of the court, were so doubtful as to require the decision of this court. The defendant desiring it, the case was reported so as to present the questions and certified here. 1878 G. S. ch. 117, § 11; Sp. Laws 1891, ch. 53, § 46.

The defendant was accused of stealing a toy rocking-horse worth $9.95, from Panton & Watson. He was arrested and brought into court on December 26, 1892. He pleaded not guilty, and thereupon the Judge explained to him his right to a trial by jury. He then waived trial by jury, and the hearing was adjourned to December 30, 1892. On that day defendant appeared and asked leave to withdraw his waiver of a jury trial, and demanded to be tried by jury. The court refused to permit defendant to withdraw his waiver of a jury trial, and he excepted to the ruling. He was then tried before the court and found guilty and fined $25 and costs. Defendant asked for a stay of proceedings for twenty days, and it was granted. On January 14, 1893, he moved for a new trial, which was denied, and on January 21, 1893, the questions were, at his request, certified to this court by *Eric L. Winje,* Special Judge. See *State* v. *Woodling, ante,* p. 142.

*Edson, Edson & Campbell,* for the defendant.

The right of trial by jury is a constitutional right which cannot be waived by the accused in criminal cases, except in minor offenses provided for by statute. *Mays* v. *Commonwealth,* 82 Va. 550; *Ford* v. *Commonwealth,* 82 Va. 553; *State* v. *Carman,* 63 Iowa, 130; *Hill* v. *People,* 16 Mich. 351; *State* v. *Maine,* 27 Conn. 281; *Bond*

v. *State*, 17 Ark. 290; *League* v. *State*, 36 Md. 259; *State* v. *Holt*, 90 N. C. 749; *Williams* v. *State*, 12 Ohio St. 622; *People* v. *Smith*, 9 Mich. 193; *United States* v. *Taylor*, 11 Fed. Rep. 470.

Defendant had a right to demand a jury any time before trial, even though he had previously waived the same. Const. Art. 1, § 6, gives the accused until the trial is actually commenced in which to demand a jury. *Brown* v. *State*, 89 Ga. 340.

The *Attorney General* and *Henry F. Greene*, for the State.

As to the right of the defendant, charged with having committed a misdemeanor, to waive a trial by jury, see *Ward* v. *People*, 30 Mich. 116; *Lavery* v. *Commonwealth*, 101 Pa. St. 560; *Darst* v. *People*, 51 Ill. 286; *Connelly* v. *State*, 60 Ala. 89; *State* v. *Borowsky*, 11 Nev. 119; *Logan* v. *State*, 86 Ga. 266; *Sarah* v. *State*, 28 Ga. 576; *People* v. *Goodwin*, 5 Wend. 251; *Langbein* v. *State*, 37 Tex. 162; *State* v. *Moody*, 24 Mo. 560; *Dillingham* v. *State*, 5 Ohio St. 280.

If the right to a jury is waived in a civil case, it cannot be asserted when the cause is called for trial. *St. Paul Distilling Co.* v. *Pratt*, 45 Minn. 215.

DICKINSON, J. In the municipal court of the city of Duluth the defendant was accused of the crime of larceny of the grade of a misdemeanor. He interposed a plea of not guilty, and waived a trial by jury. The cause was then adjourned to a subsequent day, at which time the defendant asked leave to withdraw his waiver of a trial by jury, and he then demanded a jury trial. This was refused; the judge proceeded to a trial without a jury; the defendant was found guilty, and a fine of $25 and costs was imposed. The case is certified to this court, under the statute, for our opinion upon the questions (1) whether the defendant could effectually waive his right to a jury trial, and (2) whether, having declared such waiver, he could afterwards revoke it, and demand a trial by jury.

1. The reasons upon which our decision in *State* v. *Woodling*, *ante*, p. 142, (54 N. W. Rep. 1068,) was founded, are decisive of the first of the questions above stated. In that case it was considered,

with respect to offenses within the jurisdiction of justices of the peace, that the constitution does not *require* that trials shall be by jury; that, if the accused cannot effectually waive his right of trial by jury, it is only because public policy forbids it; and that public policy does not forbid this, as respects such offenses. The statute, long in force, expressly authorizing the accused in a justice's court to waive a trial by jury, was considered as strongly expressive of what is public policy as to this matter. We held that one accused, in the municipal court of Minneapolis, of an offense within the jurisdiction of a justice of the peace, might waive his right to trial by jury.

The same reasons control the decision of this case. The offense charged was within the jurisdiction of justices of the peace. If the trial had been in such a court, there could have been no doubt that the right might be waived. The municipal court was by law invested with the same jurisdiction, in criminal matters, as that belonging to justices of the peace. Sp. Laws 1891, ch. 53, § 1, subds. 8, 9, p. 596. We deem it unimportant that elsewhere (section 40 of the same law) it is provided that trial by jury in this court shall be "conducted" as in the district courts, and that all laws of a general nature applicable to jury trials in the district court shall apply to this court, except as otherwise provided. Indeed, if this prosecution had been by indictment in the district court, we think that the accused might have waived his right of trial by jury. In view of the reasons above referred to, it can make no difference whether the trial is in a justice's court or in some other court having jurisdiction.

2. The right of trial by jury having been voluntarily relinquished, the accused had no power to revoke his waiver, and demand a trial by jury. It would be a self-contradiction to say that the right, once expressly and effectually waived by the defendant, could be recalled at his mere will. The right to thus revoke is inconsistent with the essential nature of a waiver.

Judgment affirmed.

VANDERBURGH, J., absent.

(Opinion published 55 N. W. Rep. 558.)