STATE v. CHARLES E. CROMBIE.[1]

February 19, 1909.

Nos. 15,958—(47).

**Board of Dental Examiners—Constitution.**

The defendant was convicted of the offense of practicing dentistry without a license. *Held,* section 2316, R. L. 1905, as amended by Laws 1907, p. 128, c. 117, § 3, relating to the registration of licensed dentists, does not delegate either legislative or judicial powers to the board of dental examiners, and it is constitutional.

**Public Offense—Evidence.**

The complaint states a public offense, and the evidence is sufficient to sustain the conviction of the defendant.

Defendant was convicted in the municipal court of Minneapolis of the offense of practicing dentistry without a license. The case was tried before Waite, J., who found defendant guilty and ordered that defendant pay a fine of $25 or be imprisoned twenty five days. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Tryon & Booth,* for appellant.

The statute under which defendant was prosecuted is unconstitutional, because it attempts to vest both judicial and legislative power in the board of dental examiners in that it authorizes them to ascertain what the law of a foreign state is, to compare it with Minnesota law, to decide whether the standards for practicing dentistry in a foreign state and in this state are equal and to reject a qualified practitioner at their discretion. Sanborn v. Commissioners of Rice County, 9 Minn. 258 (273); State v. Young, 29 Minn. 474; State v. Simons, 32 Minn. 540; Anderson v. Manchester Fire Assur. Co., 59 Minn. 182; State v. Great Northern Ry. Co., 100 Minn. 445; Harmon v. State, 66 Oh. St. 249; Noel v. People, 187 Ill. 587.

*Edward T. Young,* Attorney General, and *George E. Kremer,* for the State.

[1] Reported in 119 N. W. 658.

START, C. J.

The defendant was convicted in the municipal court of the city of Minneapolis of the offense of practicing dentistry without having obtained a certificate of registration as a licensed dentist. He appealed from an order denying his motion for a new trial.

1. It is urged on his behalf that the statute under which he was prosecuted (R. L. 1905, §§ 2313–2319, as amended by Laws 1907, p. 127, c. 117) is unconstitutional, because it attempts to vest in the board of dental examiners both legislative and judicial powers. No question is or can be made as to the constitutionality of the statute regulating the practice of dentistry as it stood before its amendment by Laws 1907, c. 117, which re-enacted and amended sections 2314–2316, and 2319, R. L. 1905. State v. Vandersluis, 42 Minn. 129, 43 N. W. 789, 6 L. R. A. 119.

Section 2316 originally provided for the examination of applicants for registration as licensed dentists, and prescribed the character and extent of such examination. As amended the section contains this proviso: "Provided, that any dentist who has been in legal practice in another state having and maintaining an equal standard of laws regulating the practice of dentistry with this state for five years or more, and is a reputable dentist of good moral character, and is desirous of removing to this state and deposits in person with the board of dental examiners a certificate from the examining board of the state in which he registered, certifying to the fact of his registration and that he is of good moral character and professional attainments, may, at the discretion of the board, be granted a license to practice in this state without further theoretical examination." The defendant claims that this proviso renders the statute of 1907 unconstitutional, because it delegates legislative and judicial powers to the dental board.

If this be so, it cannot avail the defendant anything; for the act contains no repealing clause, and if the proviso be void the result follows that either the whole amendatory act is void, which would leave the original statute in full force, or, if the provisions of the proviso and the other provisions of the act are not interdependent, the proviso only fails, leaving the other provisions of the act in force as a valid statute forbidding and punishing the act of which the defendant was convicted. The presumption, however, is that the proviso is constitutional,

and it cannot be declared void unless it is clearly and obviously an attempted delegation of legislative or judicial powers, or both, to the dental board. The proviso here in question is in important respects similar to the provisions of a proviso in section 5, c. 19, p. 62, Laws 1889, which was held to be constitutional in the case of State v. Vandersluis, supra. It is true that in the case cited the effect of such proviso was not raised or decided. This is significant, for the constitutionality of the act was challenged, and, if it were obvious that the proviso delegates legislative or judicial powers to an executive board, it is fair to assume that it would not have escaped the attention of the court and counsel in that case.

The proviso here in question must be read and construed in connection with the other provisions of the section of which it is a part. They are to the effect that an applicant, desiring to be registered as a dentist, shall present himself for examination to the board and produce his diploma from some dental college of good standing, of which the board shall be the judge; that he shall pass such an elementary and practical examination as to thoroughly test his fitness for the practice of dentistry; that such examination shall include the subjects specifically named therein; and, further, that he shall demonstrate his skill in operative and mechanical dentistry.

Now, it is apparent that it would be unnecessarily burdensome and unfair in many cases to require a competent and reputable dentist, who has been in legal practice in another state for at least five years, and who desires to become a citizen of our state and practice his profession, to take the whole of the theoretical examination required of a neophyte. The difference, in the situation, circumstances, training, and experience, between such a practitioner and one desiring to commence the practice of dentistry, naturally suggests the propriety and justice of a statutory provision dispensing with the theoretical examination of such trained practitioner, which is the general rule of the statute, if his fitness for registration may be ascertained by a less strict theoretical examination; the extent of the examination, within the limits of the statute, resting in the fair discretion of the board. Such is manifestly the purpose of the proviso in question.

Cognate considerations led this court, in prescribing rules for the examination and admission of persons to practice as attorneys in the

courts of this state, to provide for dispensing, in the discretion of the board of law examiners, with any examination of attorneys of five years' standing from any other state, except an examination of papers presented by them to the board.

Now, if the proviso be read in connection with the other provisions of the section of which it is a part and with the purpose of its enactment in mind, it is clear that it does not delegate to the dental board either legislative or judicial powers within the meaning of our constitution. It does not purport to confer upon the board the discretionary power, as defendant claims, to admit or reject qualified dentists from other states. The only reasonable construction of the act of 1907, construing it as a whole, is that in the case of a practitioner of five years from any other state the board may, in the exercise of a fair discretion, dispense with a further theoretical examination, and license him to practice in this state, if from the examination given him and the papers presented by him the board is satisfied of his fitness to practice. If from such examination and papers the board is not so satisfied, he must take the regular examination. The board has no power arbitrarily to refuse registration to any applicant; or, in other words, the discretion that may be exercised by the board relates only to the extent of the examination to be given to a practitioner from another state, and the proviso is intended to relieve such an applicant, upon the conditions named therein, from the strict theoretical examination which all applicants for registration were required to pass before the proviso was enacted.

We therefore hold the act in question, including the proviso, constitutional.

2. The defendant was designated in the complaint and warrant as "Charlet E. Crombie," and upon being brought into court he moved that he be discharged on account of the misnomer. The motion was denied, and the ruling is here assigned as error. There is no question as to the identity of the defendant, or that the right person had not been brought before the court. The ruling was correct. The decisions of this court as to the misnomer in civil cases are not applicable to criminal prosecutions, in which the defendant is personally brought before the court and his identity established. In such cases, if it appears

that a mistake has been made as to his true name, it may be inserted in the records. R. L. 1905, § 5300.

3. This case was prosecuted by the attorney of the dental board by the express authority of the attorney general and the request of the city attorney of Minneapolis. The defendant moved to dismiss the case because it was not prosecuted by the city attorney, as provided by R. L. 1905, § 143. The court correctly denied the motion. The statute was not intended to limit the general powers of the attorney general as the chief law officer of the state. State v. Robinson, 101 Minn. 277, 112 N. W. 269.

4. It is claimed that the complaint does not charge a public offense. It alleges, after stating venue and time, that the defendant did wilfully, unlawfully, and wrongfully, without theretofore having obtained from the state board of dental examiners in and for said state a certificate of registration as a licensed dentist, practice dentistry, in this: That he did then and there perform certain dental operations for one Mary Hunt, for which he received the fee of $9.50, contrary to the statute in such case made and provided. The complaint charges that the defendant practiced dentistry without having a certificate of registration as a licensed dentist, by performing dental operations for the person therein named, contrary to the statute. The precise character of the operations is not a substantive part of the offense, the gist of which is that the defendant practiced dentistry without a license. State v. Oredson, 96 Minn. 509, 105 N. W. 188. We have examined in detail the several objections to the sufficiency of the complaint urged by the defendant, and have reached the conclusion that it charges a public offense, and that the court did not err in denying defendant's motion to dismiss for the reason urged. Nor did the court err in denying his motion to dismiss for the alleged reason that the complaint was not verified by a person having knowledge of the facts.

5. The defendant further contends that the evidence was not sufficient to justify his conviction. The evidence is undisputed, as the defendant offered no evidence, that at the time and place alleged the defendant pulled two teeth and fitted a tooth with a crown for the person named in the complaint, for which she paid him $9.50. The defendant urges that there was no proof that he was not within the exception of the statute relating to students. The exception, however, is

not a part of the enacting clause, and is not descriptive of the offense. If, then, the defendant was in fact a student, and within the exception, the burden was on him to prove the fact. The evidence is sufficient to sustain the finding of the trial court.

Order affirmed.