## STATE EX REL. ED. GELLER v. O. A. RICE.[1]

April 16, 1920.

No. 21,834.

**Habeas corpus — sentence by justice of peace — docket entries.**
    1. A sentence imposed by a justice of the peace for a criminal offense, falling within the jurisdiction of that court, may not be assailed as void in a habeas corpus proceeding on the ground that the docket entries of the justice do not show that the accused waived a jury.

**Imprisonment for nonpayment of fine.**
    2. One sentenced to pay a fine in a justice court cannot be imprisoned to enforce payment, unless the justice so determines when the sentence is pronounced and therein specifies the duration of the confinement for nonpayment.

Upon the relation of Ed. Geller the district court for Roseau county granted its writ of habeas corpus directed to respondent as sheriff of that county. The matter was heard by the court commissioner, who sustained the writ and discharged the prisoner. From the order sustaining the writ and discharging the prisoner, respondent sheriff appealed. Affirmed.

*M. J. Hegland,* for relator.

*Clifford L. Hilton,* Attorney General, and *Alexander Fosmark,* for respondent.

HOLT, J.

On habeas corpus relator was discharged from the custody of appellant, the sheriff, who held him under a commitment issued by a justice of the peace. The sheriff appeals.

In response to the writ the sheriff made a return, setting out not only the commitment, under which relator was held, but also the complaint upon which he had been tried and the docket entries by the justice showing the conviction and sentence or judgment pronounced. Relator maintains that the return shows that his detention was unlawful

[1] Reported in 177 N. W. 348.

for two reasons:  (1)  The justice had no jurisdiction to proceed with the trial, because the docket entries do not show that a jury was waived; and (2) the sentence pronounced does not authorize imprisonment.

True, the statutory provisions, which govern the procedure in a justice court, must be strictly followed, May v. Grawert, 86 Minn. 210, 90 N. W. 383, but the statute relating to trial of criminal offenses, section 7628, G. S. 1913, while providing that, if the accused pleads not guilty and a jury is waived, the justice shall proceed to try the issue, does not require that the justice docket shall show a formal waiver.  Furthermore, misdemeanors of the class with which relator was charged may be tried without a jury.  State v. Woodling, 53 Minn. 142, 54 N. W. 1068;  State v. Bannock, 53 Minn. 419, 55 N. W. 558.  Hence jurisdiction to proceed to sentence remained in the justice, even though a defendant were erroneously deprived of a jury.  Habeas corpus does not serve to reverse a judgment for errors in the trial of a case, where the court has jurisdiction of the defendant and the offense with which he is charged.  The relator could not procure his discharge by means of the writ, unless the return thereto showed that the judgment of conviction or sentence did not authorize his commitment.

Under common-law rules and the practice that generally obtains, when a fine is imposed as punishment for an offense, the judgment or sentence contains an order or direction that the prisoner stand committed until the fine is paid, or for such definite time as the law permits.  8 R. C. L. § 282, p. 269;  note to Ex parte Bryant, 12 Am. St. 200.  It is true, that such an order or direction has been held not to be a part of the judgment or sentence so that its omission would render the judgment void.  Dodge v. State, 24 N. J. Law, 455;  State v. Peterson, 38 Minn. 143, 36 N. W. 443.  But the omission is considered a defect.  State v. Ulrich, 96 Mo. App. 689, 70 S. W. 933.

No case has been found to the contrary.

In Kane v. People, 8 Wend. 203, the sentence adjudged the defendant to pay a fine of $200, "and that process for the recovery thereof be, and the same is hereby awarded, according to the course and practice of this court."  Chancellor Walworth, in answer to the contention that the judgment must be reversed because it did not direct the defendant to be immediately committed until the fine was paid, said:  "All that

is necessary to insert in the judgment in relation to the execution is the award of the proper process to carry into effect the sentence of the court. If it was a matter of course to commit the party to prison immediately, to remain in execution until the fine was paid, such would be the effect of awarding process for the recovery of the fine, *according to the course and practice of the court;* and upon this judgment a *capias ad satisfaciendum pro fine* may properly issue to the sheriff, to take the defendant, and to detain him in jail until the fine is paid."

We gather that under common-law practice there was no limit to the duration of the imprisonment to enforce a fine imposed by a court of record.

Where there is a statute requiring that the judgment shall direct that the defendant is imprisoned until the fine and costs are paid, the court, in Re Jones, 100 Ark. 226, 140 S. W. 22, refused to discharge a prisoner on habeas corpus, where such direction was not incorporated in the judgment, holding the omission to be a mere "clerical misprision which could have been corrected, even after the expiration of the term." A similar mandatory statute exists in Kansas. In State v. Baxter, 41 Kan. 516, 21 Pac. 650, the judgment imposing a fine contained no direction for imprisonment on default of payment, but the following day, in the prisoner's absence, it was modified so as to conform to the statute, and it was considered that the prisoner's absence, when the modification was entered, did not invalidate the judgment of conviction, for inasmuch as the statute arbitrarily required imprisonment when the fine and costs are not paid, the prisoner, even if present, could have had nothing to urge against the modification. From these authorities it is clear that the judgment imposing a fine should contain an order for committing a defendant, if payment is to be enforced by confinement; that a failure to include such order may be cured, at least by courts of record, where there is a mandatory statute requiring the judgment to contain such direction; and that it would be no ground for reversing a judgment which failed to order a commitment on default, for the judgment would be valid and enforceable by ordinary execution against the property of the defendant.

But it will be noted that the relator here was detained under a commitment issued upon a justice court judgment. The commitment can

confer no authority to keep relator in custody, unless the sentence or judgment so directs, or unless some express statutory provision makes it obligatory on the justice of the peace to commit one who fails to pay the fine imposed by that court. The sentence here did not so direct, nor do we think the quoted statute, or any other provision in the code, requires a commitment to issue as a matter of course upon a sentence imposing a fine, but containing no direction for its enforcement. On the contrary section 7651 places a limitation upon the duration of the confinement that a justice of the peace may fix for the enforcement of the fine, and, within the limitation, confers power upon him to exercise discretion as to the duration of the confinement that may follow non-payment of the fine. It stands to reason that, if any such discretion is to be exercised by the magistrate, it must be done at the time the sentence is pronounced, and must be embodied therein. A justice of the peace has no authority to modify or add to judgments once entered. A sentence or judgment of conviction must speak with certainty and definiteness and the commitment cannot add thereto. The justice might impose a fine as he did, but if he concluded that it should be enforced by imprisonment the law required him to fix the same in the county jail, and to determine the length thereof, within the three month limit. We also think that practically, if not theoretically, our statutory provisions contemplate that there should be a just relation between the amount of the fine and costs and the duration of the confinement fixed for the enforcement of the payment thereof. We cannot believe that the legislature, by the discretion apparently vested in a justice of the peace under section 7651, intended that the nonpayment of a small fine of one or two dollars might subject the convicted person to three months' confinement.

As supporting the view above expressed we cite Ex parte Roller, 3 Okl. Cr. 384, 106 Pac. 548, where the prisoner was discharged on habeas corpus after completing the imprisonment imposed, although the fine and costs included in the sentence remained unpaid, the court ruling that he could not be held in custody for failure to pay the fine because the judgment of conviction contained no direction to that effect. In the opinion it is said: "It will be noticed that the judgment of the court assesses a fine in the sum of $300 and costs of the prosecution, but

does not provide that the defendant be imprisoned until the fine and costs are paid. The judgment of the court should definitely state what will satisfy the judgment. The commitment based on the judgment must be equally as definite. The commitment in a criminal case bears the same relation to the judgment as does an execution to the judgment in a civil case. It must be of such a nature as to produce all the relief warranted by the judgment, and no more."

A like result was reached in a habeas corpus proceeding in Ex parte Patterson, 29 Nev. 226, 87 Pac. 2, where a judgment imposing a fine contained no order for imprisonment for nonpayment.

We therefore hold that the sentence or judgment of conviction did not authorize relator's imprisonment, and he was rightfully released from appellant's custody. No statutory costs are to be taxed herein.

Order affirmed.