## STATE v. CHARLES H. GRAVES.[1]

January 16, 1925.

No. 24,141.

**License to practice dentistry.**

1. The fact that an applicant for a license to practice dentistry is a graduate of a dental college in good standing, bears directly upon his qualifications. A statute is not unconstitutional because it excludes from practice all those who do not hold a diploma from such a college.

**Act does not violate either Constitution.**

2. Section 5018, G. S. 1913, does not delegate legislative and judicial powers to the State Board of Dental Examiners in violation of any provision of the state or Federal Constitution.

**Omission of allegation in complaint.**

3. The complaint is not defective because it fails to allege that defendant was not a student enrolled in and attending a dental college.

**Unlicensed practice of dentistry is a public offense.**

4. Following State v. Luscher, 157 Minn. 192, 195 N. W. 914, it is *held* that practicing dentistry without a license constitutes a public offense.

**Jury waived by defendant.**

5. A person charged with a misdemeanor may waive a jury. A formal waiver is not essential. By his conduct, he may acquiesce in a trial by the court without a jury. A jury was waived by defendant.

[1]Reported in 201 N. W. 933.

**Defendant performed dental work for a fee.**
    6. The evidence showed that the defendant performed a dental operation for a fee paid.

**Proof that defendant was unlicensed.**
    7. The record of licensed dentists, kept by the secretary of the board of examiners, in conjunction with his testimony, proved that defendant had no license to practice dentistry.

**Specific findings of fact unnecessary in criminal case tried by court.**
    8. In a criminal case tried by the court without a jury, specific findings of fact are not necessary.

Defendant was charged in the municipal court of Minneapolis with the offense of practicing dentistry without a license, tried before Nordbye, J., and found guilty. From the judgment and from the sentence to the workhouse for a period of 30 days, defendant appealed. Affirmed.

*Russell C. Rosenquest*, for appellant.

*Clifford L. Hilton*, Attorney General, *William H. Oppenheimer* and *Gilbert E. Harris*, for State Board of Dental Examiners.

LEES, C.

Convicted of violating the statute prohibiting the practice of dentistry without a license, defendant has appealed from the judgment.

He contends that the statute, section 5018, G. S. 1913, is unconstitutional because it excludes from practice those who do not hold a diploma from a dental college in good standing. He concedes that, in the exercise of the police power, a state may enact laws designed to protect the public from the evils which result, if ignorant and incompetent persons are permitted to practice medicine or dentistry, provided no arbitrary or unreasonable discrimination is made in favor of one class of persons and against another class, but contends that there is such discrimination in that those who are not fortunate enough to have graduated from a dental college cannot obtain a license.

The fact that an applicant for a license is a graduate of a reputable dental college bears directly upon his qualifications to prac-

tice dentistry and may be made one of the essential tests of his fitness to receive a license. Upon the authority of State v. Vandersluis, 42 Minn. 129, 43 N. W. 789, 6 L. R. A. 119, and Douglas v. Noble, 261 U. S. 165, 43 Sup. Ct. 303, 67 L. ed. 590, we hold that the first contention cannot be sustained.

2. It is contended that the statute is invalid because it vests legislative and judicial power in the examining board. In State v. Crombie, 107 Minn. 166, 119 N. W. 658, a similar contention was made without success. That case is decisive of this point.

3. The contention that the complaint is fatally defective because it fails to allege that defendant was not a student enrolled in and attending a dental college is not well taken for the reasons mentioned in State v. Crombie, supra.

4. State v. Luscher, 157 Minn. 192, 195 N. W. 914, disposes of the contention that there is no statute making the practice of dentistry without a license a public offense.

5. Appellant asserts that he was denied his constitutional right of trial by jury and that the judgment must be reversed for that reason. It was within his power to waive a jury and consent to a trial by the court. State v. Woodling, 53 Minn. 142, 54 N. W. 1068; State v. Bannock, 53 Minn. 419, 55 N. W. 558. In State v. Rice, 145 Minn. 359, 177 N. W. 348, it was held that a formal waiver of a jury need not be shown by the entries in the docket of a justice of the peace. The settled case shows no demand for a jury. It recites that the case came on for trial and was tried by the court without a jury. The defendant was represented by an attorney who raised the objections to the statute we have discussed and, when they were overruled, cross-examined the state's witnesses and, at the close of the state's case, moved for a dismissal because no offense had been proven. No objection was made to a trial without a jury. The point is not mentioned in the notice of motion for a new trial. It is urged for the first time upon this appeal. Upon this state of facts, we hold that a jury was waived. After taking the chance of an acquittal by the judge, it is too late now to urge that defendant never consented to go to trial without a jury. By his conduct he acquiesced in a trial by the court. In Griffin v. Mills,

39 N. J. Law, 587, where the situation was about the same as here, the court aptly remarked that, if the defendant had been found not guilty, no one would say that the state might take the position that for want of a jury there was no trial at all and compel the defendant to submit himself to the hazard of a conviction in another trial by a jury.

6. The statute is violated when any unlicensed dentist performs a dental operation for a fee paid or to be paid. Section 5017, G. S. 1913. The proof is that defendant extracted four teeth for a woman, who was accompanied to defendant's office by Roy Smith, a man employed to procure evidence against persons practicing dentistry without a license. Smith testified that after the teeth were extracted defendant made out a bill for $2.50 and that he paid it. This was sufficient to establish the commission of the offense if the defendant was an unlicensed dentist at the time in question.

7. To prove that defendant was not a licensed dentist, the secretary of the board of dental examiners produced a book of which he had charge, identified it as the board's record of the names of all dentists licensed in this state, and, over objection, testified that defendant's name did not appear in the book. The settled case does not show that the book was formally received in evidence, but it does show that the attorneys and the court treated it as though it had been received. The book was in part a transcription of the earlier records of the board and in part a record of dentists licensed since the old records were transcribed. It was properly received in evidence, and, in conjunction with the secretary's testimony, proved that defendant had no license.

8. There is no merit in the contention that the court could not pronounce judgment without first making findings. The statute requiring findings, section 7815, G. S. 1913, relates only to civil actions. In criminal cases tried by the court, a finding that the defendant is guilty or not guilty is all that the law requires.

Judgment affirmed.