[File No. Cr. 176.]

## IN THE MATTER OF THE APPLICATION OF DELL PERRY FOR A WRIT OF HABEAS CORPUS.

STATE OF NORTH DAKOTA EX REL. DELL PERRY, Petitioner, v. JOE GARECHT, as Sheriff of Stark County, North Dakota, Respondent.

(297 N. W. 132.)

Opinion filed March 3, 1941.

*F. E. McCurdy,* for petitioner.

*T. F. Murtha,* for respondent.

MORRIS, J. Dell Perry petitioned this court for a writ of habeas corpus. A petition was first made to one of the judges of the district court of Stark county and a writ was refused. The petition shows

that the petitioner is confined in the county jail in the custody of the respondent. The petitioner was convicted of the crime of driving a motor vehicle while intoxicated, whereupon the court pronounced the following judgment:

"We pronounce a fine against you of $50. Further, that you be confined in the Stark county jail for a term of sixty days and you will further be deprived of using an automobile for those sixty days. We will allow a stay of execution for one week."

Two days later the judge who orally pronounced judgment signed a written judgment that contained the following: "It is the judgment and sentence of this court that you, Dell Perry, pay a fine in the amount of fifty ($50) dollars, and it is further ordered that you be confined in the Stark county jail for a period of sixty days (60) from and after noon of this date, and that upon failure to pay said fine you shall serve an additional day in said Stark county jail for every $2 of said fine remaining unpaid."

This judgment was filed by the clerk of court and the respondent was furnished with a copy thereof. The petitioner asserts that he has served the sixty days' jail sentence that the court imposed at the time he orally pronounced judgment, and that he is now being confined under the clause in the written judgment which required him to serve an additional day for each $2 of the fine remaining unpaid.

The petitioner claims that the judgment pronounced from the bench is the judgment that he be required to serve and that the additional requirement inserted in the written judgment relative to serving further time in jail because of the unpaid fine is not legally a part of the judgment and that the respondent, as sheriff of Stark county, has no legal right to hold the petitioner thereunder.

The respondent makes a return in which he admits the incarceration of the petitioner. This he claims the right to do by virtue of the written judgment and the provision therein requiring the petitioner to serve further time in jail because of the unpaid fine.

The question before us is the narrow one of whether the sentence that the petitioner must serve is the one pronounced orally from the bench or the one contained in the written judgment signed by the court subsequent to the oral pronouncement.

This question must be answered by resort to our statutes. The leg-

islature having enacted statutes covering the point involved, the common law no longer applies.

"In this state there is no common law in any case where the law is declared by the codes." N. D. Comp. Laws 1913, § 4331.

The following sections of N. D. Compiled Laws 1913 are pertinent and their construction and application are decisive of the issue here presented:

10,924. "After conviction, judgment. Time. After a plea or verdict of guilty, or after a verdict against the defendant on a plea of former conviction or acquittal or once in jeopardy, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment."

10,925. "Time specified. The time appointed must be at least two days after the verdict, if the court intends to remain in session so long, or if not, at as remote a time as can reasonably be allowed; provided, that if, for any cause, judgment cannot be rendered during the term, judgment may be rendered at any subsequent term."

10,926. "Defendant's presence. Felony. Misdemeanor. For the purpose of judgment, if the conviction is for a felony, the defendant must be personally present; if for a misdemeanor, judgment may be pronounced in his absence."

10,933. "Defendant informed of rights. When the defendant appears for judgment, he must be informed by the court, or by the clerk under its direction, of the nature of the charge against him, and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him."

10,935. "Judgment rendered. If no sufficient cause is alleged or appears to the court why judgment should not be pronounced, it must thereupon be rendered."

10,941. "Judgment for fine and costs. A judgment that the defendant pay a fine and costs may also direct that he be imprisoned until both the fine and costs are satisfied, specifying the extent of the imprisonment, which must not exceed one day for every two dollars of the fine and costs, but such imprisonment does not discharge the judgment for fine and costs or either, and said judgment may at any time

thereafter within the time limited by law, be collected upon execution issued thereon."

The respondent contends that the written judgment is the true judgment of the court and the petitioner must serve time in jail in accordance with the terms thereof regardless of what the court may have said orally. This contention, however, is not supported by the statute. Section 10,942 provides that, "when judgment upon a conviction is rendered, the clerk must enter the same upon the minutes," and further requires him to file a copy of the judgment. The record in this case discloses that after the court *pronounced* judgment, the clerk entered in his minutes the judgment as thus pronounced. Two days later the judge signed and the clerk filed the judgment from which the petitioner seeks relief. The judgment so filed contains an added clause subjecting the petitioner to the further penalty of one day in jail for each $2 of the fine remaining unpaid. The penalty in the written judgment cannot lawfully exceed that imposed by the court in his oral pronouncement. The statute contemplates that the written judgment that is ultimately filed and made a part of the court records is a copy of the judgment pronounced by the court. There is no authority to add any penalty in the written judgment not contained in the oral pronouncement.

It is also contended that the judgment and sentence consists of the imposition of the jail sentence and fine, and that the court may later provide in the written judgment for the enforcement and collection of the fine by requiring the petitioner to serve additional time at a specified rate in event the fine is not paid. The respondent argues that the direction in the written judgment requiring the petitioner to serve additional time in event the fine is not paid is merely a means of enforcing the judgment and is not a part of the penalty for the offense. The respondent cites 25 C. J. 1157 and 8 R. C. L. 270 in support of his contention. These citations purport to state the common-law rule which has been supplanted in this state by statute. The statutes we have quoted above do not permit of the construction contended for by the respondent. Section 10,941, N. D. Comp. Laws 1913, specifically provides that the judgment may also direct imprisonment until both fine and costs are satisfied and places a limit upon the extent of additional imprisonment that may be imposed. The judgment to which

that section refers is undoubtedly the judgment that is pronounced by the court in accordance with the statutes set forth in the preceding sections that we have quoted. Therefore, it follows that if the court would require imprisonment until a fine is paid, he must so direct at the time of pronouncing judgment and cannot add this direction in a written judgment entered at a later time.

In State ex rel. Geller v. Rice, 145 Minn. 359, 177 N. W. 348, it was held that one sentenced to pay a fine in justice court cannot be imprisoned to enforce payment unless the imprisonment is provided for at the time sentence is pronounced and is embodied therein.

In Reilly v. Andro, 191 Wis 597, 211 NW 780, a jury in justice court returned a verdict of not guilty in an assault and battery action. The justice read the verdict, discharged the defendant, and adjourned court. Sometime later he entered in his docket a judgment for costs against the complaining witness upon the ground that the complaint was wilful, malicious and without probable cause. The supreme court of Wisconsin held that the judgment for costs was void because the judge "has no power to enter any judgment except the one orally pronounced at the close of the trial."

Re Bateman, 94 Cal. App. 639, 271 P. 757, is very much in point. A petitioner was granted his liberty upon a writ of habeas corpus. The trial judge, in the petitioner's presence, orally rendered and pronounced judgment and sentence that the petitioner pay a fine but did not state to him that he be confined in the county jail in event that such fine be not paid. When he wrote out the sentence he added "or 180 days." This was done in open court immediately after sentence was pronounced. The court held that the only valid sentence was that pronounced orally and that the words written by the judge formed no part of the judgment.

In this case we hold that the judgment pronounced orally and not the written judgment subsequently entered by the court fixes the sentence. That sentence having been served, the petitioner is entitled to be discharged from custody.

BURR, Ch. J., and CHRISTIANSON, BURKE, and NUESSLE, JJ., concur.