## LEONARD GAULKE v. STATE.

184 N. W. (2d) 599.

February 6, 1971—No. 42303.

*C. Paul Jones*, State Public Defender, and *Roberta K. Levy*

and *Rosalie E. Wahl,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Assistant Attorney General, and *Darrell C. Hill,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Petitioner, Leonard Gaulke, was convicted in 1953 of the rape of a young girl. The evidence, as we held upon his application for a writ of coram nobis in 1960, State ex rel. Gaulke v. County of Winona, 259 Minn. 183, 106 N. W. (2d) 560, amply sustained a jury verdict of guilt. Seven years later he petitioned for postconviction relief, claiming a denial of various constitutional rights in the proceedings leading to his arrest and conviction.

The sole issue of substance [1] is whether the trial court, in declining to hear the case without a jury, denied petitioner a right guaranteed him by Minn. Const. art. 1, § 4, and Minn. St. 631.01.

1. No claim is made that a refusal to permit a waiver of jury trial violated any right guaranteed by the United States Constitution, for the contrary was decided by a unanimous court in Singer v. United States, 380 U. S. 24, 85 S. Ct. 783, 13 L. ed. (2d) 630. Although there is no issue as to any right under the United States Constitution, a consideration of that decision is instructive with respect to parallel provisions of the Minnesota Constitution.

Mr. Chief Justice Warren, writing for the court in Singer, re-

---

[1] Other issues raised in the petition for postconviction relief involve his arrest without a warrant; delay both in appearance before a magistrate after arrest and in trial; absence of counsel on his behalf during police interrogation and at arraignment; prejudicial pretrial publicity; and inadequacy of privately retained counsel. Adverse findings of fact by the trial court are not without support in the evidence, and based upon constitutional principles applicable to proceedings had 17 years ago, we conclude that each of these claims is without merit.

jected the claim that an accused in a Federal criminal case has an unconditional constitutional right under U. S. Const. art. III, § 2,[2] or the Sixth Amendment,[3] to waive a jury and to have his case decided by a judge alone if he considers such trial to be to his advantage. As he wrote, no such right of choice was recognized in the English common law (380 U. S. 27, 85 S. Ct. 786, 13 L. ed. [2d] 633) nor, despite some variance in the American colonial experience, was there any general recognition of such a right prior to the adoption of the United States Constitution (380 U. S. 28, 85 S. Ct. 786, 13 L. ed. [2d] 634). Decisions shortly subsequent to the constitutional covention, as the court noted, established "a rule that in all but petty offenses jury trial was a constitutional imperative" (380 U. S. 32, 85 S. Ct. 789, 13 L. ed. [2d] 636).

Patton v. United States, 281 U. S. 276, 50 S. Ct. 253, 74 L. ed. 854, 70 A. L. R. 263, as the Chief Justice summarized it in Singer, "dispelled any notion that a defendant had an absolute right to demand trial before a judge sitting alone." 380 U. S. 34, 85 S. Ct. 789, 13 L. ed. (2d) 637. The Chief Justice concluded (380 U. S. 34, 85 S. Ct. 790, 13 L. ed. [2d] 638):

"The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right. * * *

\* \* \* \* \*

---

[2] U. S. Const. art. III, § 2, provides in part: "The trial of all crimes, except in cases of impeachment, shall be by jury, and such trial shall be held in the state where the said crimes shall have been committed; but when not committed within any state, the trial shall be at such place or places as the Congress may by law have directed."

[3] The Sixth Amendment provides: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense."

"In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. * * * The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result."

Rule 23(a), Federal Rules of Criminal Procedure, permits a defendant to waive a jury trial "with the approval of the court and the consent of the government." The court in Singer held that this was a reasonable procedure, 380 U. S. 37, 85 S. Ct. 791, 13 L. ed. (2d) 639, reaffirming Adams v. United States ex rel. McCann, 317 U. S. 269, 63 S. Ct. 236, 87 L. ed. 268, 143 A. L. R. 435.

In sustaining Rule 23(a), the court refused to assume that a prosecutor would demand a jury trial for an "ignoble purpose," and held that the government need not articulate its reason for withholding consent to waiver. However, it added this caveat (380 U. S. 37, 85 S. Ct. 791, 13 L. ed. [2d] 639):

"* * * We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial. Petitioner argues that there might arise situations where 'passion, prejudice . . . public feeling' or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case, and petitioner does not claim that it is."

Minn. Const. art. 1, §§ 4[4] and 6,[5] parallels art. III, § 2, and the Sixth Amendment of the United States Constitution, except that the former provides that a jury trial "may be waived by the parties in all cases in the manner prescribed by law." [6]

Minn. St. 631.01, enacted pursuant to our state constitution, provides in part:

"An issue of fact arises upon a plea of not guilty, or upon a plea of former conviction or acquittal of the same offense. *Except where defendant waives a jury trial,* every issue of fact shall be tried by a jury * * *. If the defendant shall waive a jury trial, such waiver shall be in writing signed by him in open court after he has been arraigned and has had opportunity to consult with counsel and shall be filed with the clerk." (Italics supplied.)

It will of course be observed that § 631.01, unlike Rule 23(a), does not expressly condition waiver upon the consent of either the prosecutor or the court.

---

[4] Minn. Const. art. 1, § 4, provides: "The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy, *but a jury trial may be waived by the parties in all cases in the manner prescribed by law;* and the legislature may provide that the agreement of five-sixths of any jury in any civil action or proceeding, after not less than six (6) hours' deliberation, shall be a sufficient verdict therein." (Italics supplied.)

[5] Minn. Const. art. 1, § 6, provides: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the county or district wherein the crime shall have been committed, which county or district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel in his defense."

[6] It has long been considered that Minn. Const. art. 1, § 4, applies to both criminal and civil cases. See, State v. Sackett, 39 Minn. 69, 70, 38 N. W. 773, 774; State ex rel. Madigan v. Wagener, 74 Minn. 518, 523, 77 N. W. 424, 425; and City of St. Paul v. Robinson, 129 Minn. 383, 385, 152 N. W. 777, 778.

The question, therefore, is whether Minn. Const. art. 1, § 4, and Minn. St. 631.01 grant a defendant in a criminal case the unconditional right to waive a jury. It is one of first impression in this state.[7]

2. The determinative issue, we conclude at the onset, is primarily one of statutory, not constitutional, right.[8] It accordingly may be asserted only by a direct appeal rather than by a petition for postconviction relief. The order from which this appeal is taken must for that reason be affirmed.

3. We think an expression of our views concerning waiver of a jury trial in criminal case, although dictum, may be of assistance to the bench and bar. Considering the historical antecedents of our constitution, it is doubtful that the legislature intended to grant the accused an absolute right of waiver. Although we perceive no intent that the waiver be subject to the consent of the prosecution, it has long been considered to be subject to the approval of the trial court. Even before Patton v. United States, *supra,* and in the strikingly similar fact situation where the defendant had consented to trial before a jury of 11 rather than 12, this court, in State v. Sackett, 39 Minn. 69, 72, 38 N. W. 773, 775, stated that an accused could waive trial by jury only "within such limits as the trial court, exercising a sound discretion in behalf of those before it, may permit." Later, in Wittenberg v. Onsgard, 78 Minn. 342, 81 N. W. 14, a civil case for medical malpractice, Mr. Justice Mitchell wrote that the court may disregard the waiver of a jury, notwithstanding agreement of the parties, because it is a matter addressed to the judge's sound discretion.

---

[7] We have numerous cases approving waiver of a jury, at least with respect to misdemeanor charges. State v. Sackett, *supra;* State v. Woodling, 53 Minn. 142, 54 N. W. 1068; State v. Bannock, 53 Minn. 419, 55 N. W. 558; State v. Graves, 161 Minn. 422, 201 N. W. 933. However, in each of these cases, unlike the instant case, the defendant had waived jury trial and then contested the validity of the conviction.

[8] The initial petition asserted only a deprivation of a statutory right, although a constitutional right was argued in the brief.

A trial court would undoubtedly exercise a sound discretion in declining an application to waive a jury if the court was not satisfied that the application was defendant's informed and intelligent act.[9] However, the instant case suggests situations in which the withholding of such approval might constitute an abuse of judicial discretion. First, defendant asserted that the crime had been attended with extensive pretrial publicity, impairing selection of an impartial jury, a situation reserved for consideration in Singer v. United States, *supra*. But there was no evidence of such prejudicial publicity and the trial court's findings were adverse to a claim on such a ground. Second, defendant contended that his defense was inhibited by trial before a jury. He testified that his trial counsel, now deceased, conducted only perfunctory cross-examination of the young victim and the state's medical witness because "we didn't dare to put any pressure on the girl because we would get the jury against us if we did." However, although making no direct finding on this issue, the trial court did find that counsel was competent and that the interrogation of witnesses was a matter of trial tactics.[10]

We do think that a trial court should not withhold approval of defendant's application for waiver merely because the case

[9] Recently, in State v. Boyce, 284 Minn. 242, 170 N. W. (2d) 104, although wholly without reference to our statute or constitution, we encouraged a defendant, upon retrial for murder, to reconsider his election to waive trial by jury.

[10] The choice of trial tactics is apparent from the nature of the evidence confronting defendant. The victim had testified that she was unconscious at the time of the actual sexual assault so that extensive cross-examination may well have been considered useless. The physical injury to the girl was so serious that extensive cross-examination of the state's medical witness could well have been counterproductive. Defendant, indeed, never denied having committed an indecent assault upon the child, contending only that there was no proof of penetration by the male sex organ. The theory of the defense, as petitioner testified, was that the prosecution would have to have "proof of sexual penetration, and the testimony of the victim herself, to that effect."

is disagreeable. The trial judge, in declining defendant's motion to be tried by the court alone, had stated (State ex rel. Gaulke v. County of Winona, 259 Minn. 183, 184, 106 N. W. [2d] 560, 561): "The Court doesn't want to try a rape case; that is primarily for the jury." However, as Mr. Justice Schaefer said in People v. Spegal, 5 Ill. (2d) 211, 221, 125 N. E. (2d) 468, 473, 51 A. L. R. (2d) 1337, 1345, responding to an argument that there might be cases where it would be improper for a judge to try the case alone, "whatever considerations would make it improper for a judge to try the case without a jury, would also make it improper for him to try the case with a jury." [11]

Our treatment of this issue is comparable to that of the Court of Appeals in New York, where waiver of trial by jury is authorized by the state constitution. In People v. Duchin, 12 N. Y. (2d) 351, 239 N. Y. S. (2d) 670, 190 N. E. (2d) 17, the defendant in a criminal trial for rape attempted to waive a jury trial because of sensational publicity surrounding the criminal incident. [12] The court rejected a contention that the trial court has uncontrolled discretion to deny a waiver, holding that the defendant has a right to waive jury trial once the court is satisfied that the waiver is intelligently made and is tendered in good faith, not to procure an otherwise impermissible procedural advantage. However, in People ex rel. Rohrlich v. Follette, 20 N. Y. (2d) 297, 282 N. Y. S. (2d) 729, 229 N. E. (2d) 419, the court, although disapproving a trial court's exemption from the responsibility of deciding a disagreeable case, declined to deter-

---

[11] A conviction for murder was reversed in People v. Spegal, 5 Ill. (2d) 211, 125 N. E. (2d) 468, 51 A. L. R. (2d) 1337, because the court had refused to grant the defendant's motion to waive a trial by jury. However, the Illinois statute (Ill. Rev. Stat. 1953, c. 38, par. 736) unlike Minn. St. 631.01, provided, in imperative language, that upon an application for waiver the issue "*shall* be heard by the court without a jury." (Italics supplied.)

[12] This basis for defendant's application was noted by the intermediate appellate court, People v. Duchin, 16 App. Div. (2d) 483, 229 N. Y. S. (2d) 46.

mine the issue when it was raised in a postconviction habeas corpus proceeding as a collateral attack on a 6-year-old judgment.

Affirmed.