**STATE of Minnesota, City of Minneapolis, Respondent,**

v.

**Donald Doherty JOHNSON, Appellant.**

**No. C0–83–1924.**

Court of Appeals of Minnesota.

Sept. 11, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert J. Alfton, Minneapolis City Atty., Janice Barker, Asst. City Atty., Minneapolis, for respondent.

William R. Kennedy, Hennepin County Public Defender, David M. Duffy, David Knutson, Asst. Public Defenders, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Donald Doherty Johnson was convicted of engaging in business as a second-hand dealer without a license, a violation of Minneapolis Ordinance § 231.30.

## FACTS

Appellant was arraigned and entered a not guilty plea on September 6, 1983. A pre-trial conference was held on October 28, 1983, at which time appellant signed a waiver of jury trial form. This proceeding was unrecorded and Ms. Janice Barker, the Assistant Minneapolis City Attorney of record in this case, stated at trial that she had informed defendant of his right to a jury trial at the pre-trial conference and that he stated to her that he did not want a jury trial.

At the outset of trial, the court inquired if there was a jury waiver. Defendant requested to withdraw his prior waiver and was informed that he had a right to a jury trial. Defendant then stated that he would proceed without a jury and signed a defendant's rights form which he stated he had read, signed and understood. The form outlined, among other things, that he had a right to counsel and, if he could not afford one, one would be appointed for him without cost; that he had a right to trial by a jury of six persons; and that he had a right to remain silent at trial and at pre-trial proceedings. The form also indicated that defendant could ask to have any of the rights explained in more detail.

The case was tried to the court, appellant testified, and appellant was convicted. At his own request, appellant was not represented by counsel. At sentencing, appellant's eligibility for the services of a public defender was determined and one was appointed to represent him.

Appellant appeals from his conviction. Respondent City of Minneapolis has not filed a brief and the appeal is considered pursuant to Rule 142.03, Minn.R.Civ.App. Appellant argues that the trial court did not inform him of his right to consult with counsel in his decision to waive a jury trial and to adequately explain his rights in a jury trial.

## ISSUES

1. Whether the trial court erred in permitting this pro se defendant to waive a trial by jury.

2. Whether the trial court erred in permitting this pro se defendant to take the stand to testify on his own behalf.

## ANALYSIS

■ 1. In his trial on the charge of misdemeanor ordinance violation, appellant was entitled to a trial by jury. Minn.Stat. § 488A.10, subd. 6.

■ A defendant in a criminal case may waive a jury trial if the court approves and if the waiver is made orally or in writing after the defendant has been advised of his rights and has had an opportunity to consult with counsel. Rule 26.01, subd. 1(2)(a), Minn.R.Crim.P. The trial court has discretion whether to accept the waiver and should be satisfied that defendant is informed of his rights and that the waiver is voluntary. *State v. Pietraszewski*, 283 N.W.2d 887 (Minn.1979) (citing, *Gaulke v. State*, 289 Minn. 354, 184 N.W.2d 599 (1971)).

■ The fact that appellant was acting pro se did not deprive him of the opportunity to consult with counsel before waiver of jury trial. Although he was ultimately determined to be eligible for a public defender, the record does not disclose that he applied for one prior to sentencing. Appellant's right to a jury trial was explained on two occasions: off the record at his arraignment by the city attorney, and on the record by the court before trial. At trial, he was given the opportunity to change his mind and request a jury. He could have consulted with counsel at any time before trial.

■ Appellant argues that the court had a duty to explain the consequences of waiver. In *United States v. Delgado*, 635 F.2d 889 (7th Cir.1981), the Court of Appeals set guidelines for accepting waivers of jury trials:

> We take this opportunity to advise the trial courts that they should explain that a jury is composed of twelve members of the community, that the defendant may participate in the selection of jurors, and that the verdict of the jury is unanimous. The court should inform the defendant that if he waives a jury, the judge alone will decide guilt or innocence. After informing the defendant of these factors,

the trial court should then ascertain whether the defendant wishes to waive his right to a jury trial. Only after this type of inquiry will the court be able to determine that the defendant understands his right to a jury trial and the consequences of waiver.

*United States v. Delgado*, at 890. This requirement has never been held to be constitutionally mandated. *United States ex rel. Williams v. DeRobertis*, 538 F.Supp. 899 (N.D.Ill.1982), rev'd 715 F.2d 1174 (7th Cir.1983), cert. denied, —— U.S. ——, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984).

■ Although we agree that it would be preferable for the court to explain to a pro se defendant on the record that, in a jury trial, he would have a voice in the selection of jurors and that their verdict must be unanimous, this is not an absolute requirement. The court need only ascertain that the waiver was voluntary, knowing and intelligent with awareness of the relevant circumstances and likely consequences. *Brady v. U.S.*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). In the instant case, the waiver met the requirements of *Brady*.

■ 2. Appellant also argues that the trial court erred in permitting him to testify without adequately informing him of his Fifth Amendment right to remain silent. The record supports our holding that appellant was fairly advised of his rights and chose to testify on his own behalf. Further, sufficient evidence to convict is present in the record without appellant's testimony.

## DECISION

Appellant has failed to show any error on the part of the trial court in permitting him to waive trial by jury and to take the stand and testify in his own defense. Accordingly, we affirm.

Affirmed.