[No. 1705.]

### IN THE MATTER OF THE APPLICATION OF R. W. PATTERSON FOR A WRIT OF HABEAS CORPUS.

CRIMINAL LAW—PUNISHMENT—SENTENCE—FINE AND IMPRISONMENT. A sentence reciting the conviction of accused of a criminal offense, and that he "be fined  *  *  *  $500 and imprisonment in the county jail  *  *  * for the term of one hundred and eighty days in addition to said fine," imposes absolutely a fine of $500 without order of commitment until the same be paid, and an absolute imprisonment for one hundred and eighty days. *Held,* that accused, having been imprisoned one hundred and eighty days, is entitled to his discharge, though the fine has not been paid.

PETITION by R. W. Patterson for a writ of *habeas corpus* against C. P. Ferrell, Sheriff of Washoe County, State of Nevada.   **Granted,** and petitioner discharged, on the ground that no legal warrant exists for holding petitioner in confinement or restraint.

The facts sufficiently appear in the opinion.

*M. B. Moore,* for Petitioner:

I.   Justice's jurisdiction.   (Comp. Laws, 2531.)   Judgment to pay fine.   (Comp. Laws, 4413, 4414, 4417, 4418, 4578, 4579, 4588, 4590, 4646.)

II.   Compare section 5155 and section 4919, Revised Laws Utah, 1898.   Case read: *Roberts* v. *Howells,* 62 Pac. 892. Cases cited: *In re Lewis,* 41 Pac. 1077; *People* v. *Hamberg,* 24 Pac. 300; *Lowery* v. *Hayne,* 24 Pac. 995; *In re Wadleigh,* 23 Pac. 192; *In re Rosenheim,* 23 Pac. 372; *Ex parte Baldwin,* 60 Cal. 434.   The cases of Rosenheim and Baldwin are both California civil cases, and emphatically sustained and are in accord with case of *Roberts* v. *Howells.*

*E. P. Moran,* for Respondent.   [No brief on file.]

By the Court, FITZGERALD, C. J.:

Petitioner was imprisoned in the jail of Washoe County under a warrant of commitment made by the justice of the peace of Sparks Township in said county.   The commitment was in the following form:

"*State of Nevada, Plaintiff* v. *R. W. Patterson, Defendant.* A complaint under oath having been filed in this court on

the 30th day of April, 1906, charging said defendant, R. W. Patterson; of a certain public offense, to wit, a misdemeanor, committed on the 26th day of April, 1906, and a warrant of arrest having been duly issued on said 30th day of April, 1906, for the arrest of said defendant; and said defendant having been duly arrested, and thereafter, on the 2d day of May, 1906, tried before the court with a jury so found guilty as charged in the complaint, and all and singular the law and the premises by the court here understood and fully considered, and no sufficient cause appearing why judgment should not be pronounced against said defendant. Wherefore, it is ordered and adjudged by the court that for said offense you, the said R. W. Patterson, be fined the sum of five hundred dollars, and imprisoned in the county jail of said County of Washoe for the term of one hundred and eighty days in addition to said fine, from date hereof. ~~In case said fine be not paid being at the rate of one day for each two dollars of said fine.~~ Dated in open court the 3d day of May, 1906. [Signed] James Pollock, Justice of the Peace."

Petitioner had, with credits, etc., served the full term of the one hundred and eighty days stated in the commitment; but had not paid the fine of $500 therein stated.

Two questions were argued by counsel in the case: (1) Does the warrant of commitment above stated impose upon the petitioner a fine of $500, and also give him the privilege of paying the said fine at rate of one day for each two dollars thereof? And (2) does the statute warrant the justice in imposing such sentence, to wit, absolute imprisonment for the full term of one hundred and eighty days, and in addition thereto imprisonment for two hundred and fifty days, conditioned upon his failure to pay the fine of $500? Under the view that we take of the case, the second question need not be determined. The sentence in the warrant of commitment is plainly: (1) An absolute fine for $500, without order of commitment to prison until said fine be paid at rate of two dollars, etc.; and (2) an absolute imprisonment for one hundred and eighty days. There being no alternative in the first part of the sentence of discharging the fine of $500 by serving one day's imprisonment for each two dollars thereof,

· such part of the sentence having, as above seen, been obliterated, such fine is absolute, and the petitioner could not be imprisoned at all under said first part; and the petitioner having with credits, etc., served the full term of one hundred and eighty days imposed upon him under the second part of said sentence, he was, of course, entitled to his discharge.

It appearing that the respondent herein, C. P. Ferrell, sheriff of Washoe County, has no legal warrant for longer holding the petitioner in custody, it is therefore ordered that the petitioner be forthwith discharged from custody by the respondent herein.