*Ex parte* BERT ROLLER.

No. A-448.   Opinion Filed January 15, 1910.

(106 Pac. 548.)

1.   SENTENCE AND COMMITMENT—Construction of Sentence—
A sentence, reciting the conviction of the accused, and that he
"be confined in the county jail * * * for a period of one
year, said sentence to commence at once, further ordered that
said defendant be assessed a fine in the sum of $300, and the
costs of this prosecution. And it is further ordered that the
said defendant be required to do and perform such labor and
at such times and places as the board of county commissioners
* * * may order and direct"—imposes imprisonment for one
year only; there being no order of commitment until the fine
be paid.

2.   SENTENCE AND COMMITMENT—Necessity for Commitment.
Under the statutes in force in this state, a defendant cannot be
imprisoned under an order of court assessing a fine without an
order that he be committed until fine is paid.

(Syllabus by the Court.)

Application by Bert Roller for writ of *habeas corpus*. Writ
granted, and petitioner discharged from custody.

This is an action by Bert Roller for writ of *habeas corpus* to
be released from imprisonment in the county jail of Custer county.
By stipulation it is agreed that the defendant was tried in the
district court for the Seventeenth judicial district in and for
Custer county on the charge of murder, and was adjudged guilty
of manslaughter in the second degree, his punishment fixed at im-
prisonment in the county jail for one year, and to pay a fine of
$300. Petitioner alleges that, having served the full term of one
year's imprisonment, he is now being unlawfully restrained for
failure to pay the fine of $300 and costs of prosecution.

*Lackey & Lawter* and *G. O. Davis,* for petitioner.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty.
Gen., for respondent.

No briefs reached the reporter.

OWEN, JUDGE. It appears from the agreed statement of facts filed with the petition that the verdict returned against the petitioner and the judgment thereon are in words and figures as follows to wit:

"In the District Court of the Seventeenth Judicial District of Oklahoma, in and for Custer County.

"The State of Oklahoma, Plaintiff, v. Bert Roller, Defendant.
No. 34.

"Verdict.

"We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do upon our oaths, find the defendant guilty of manslaughter in the second degree and assign his punishment to one year in the county jail and three hundred dollars ($300.00) fine.                    I. H. THRASHER, Foreman."

"And now, on this 25th day of November, 1908, the same being the last judicial day of the November term, 1908, of this court, this cause comes on for judgment and sentence upon the verdict heretofore returned herein, the defendant being present in open court in person and by his attorneys, Phillips & Mills, and the state being represented by F. A. Snodgress, county attorney, the court orders and directs the defendant to stand for judgment and sentence, whereupon the court asks the defendant if he has any reason why said judgment and sentence should not, at this time, be passed upon him and said defendant giving no legal reason why such judgment and sentence should not be passed upon him herein. It is therefore ordered, adjudged and decreed by the court that the defendant, Bert Roller, be confined in the county jail of said Custer county, state of Oklahoma, for a period of one year, said sentence to commence at once, and it further ordered that said defendant be assessed a fine in the sum of three hundred dolars ($300.00) and the costs of this prosecution. And it is further ordered, that the said defendant be required to do and perform such labor and at such times and places, as the board of county commissioners of Custer county, Oklahoma, may order and direct.                    W. N. MABEN, Judge.

Attest: JNO. BUCHENAU, Clerk.

O. K.   FRED A. SNODGRESS, Co. Atty."

Indorsed:

"Filed Jan. 27, 1909, and recorded in Court Journal No. 6, pages 220, 221.  Jno. H. Buchenau, District Clerk."

3 Cr.—25

In determining this case it is necessary to decide one question only; that is: Can the petitioner be legally restrained of his liberty under this judgment for the nonpayment of the fine, after having served the full term of imprisonment?

It is urged on the part of the state that the imprisonment of petitioner is authorized under setion 13, art. 2, of the state Constitution (Bunn's Ed. § 22), which is as follows:

"Imprisonment for debt is prohibited, except for the nonpayment of fines and penalties imposed for the violation of law."

Section 6917, Snyder's Ann. St. 1909 (Wilson's Rev. & Ann. St. 1903, § 5578), is as follows:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine."

It is not a question here whether the law imposes the penalty, or whether the court could have imposed imprisonment for the nonpayment of the fine. The fact is the court did not do so. We agree with counsel for the state that under that section of the Constitution the Legislature could provide for imprisonment for the nonpayment of fines and penalties imposed for the violation of law. The question before us is as to the legality of the imprisonment under the judgment as pronounced by the court. It will be noticed that the judgment of the court assesses a fine in the sum of $300 and costs of the prosecution, but does not provide that the defendant be imprisoned until the fine and costs are paid. The judgment of the court should definitely state what will satisfy the judgment. The commitment based on the judgment must be equally as definite. The commitment in a criminal case bears the same relation to the judgment as does an execution to the judgment in a civil case. It must be of such a nature as to produce all the relief warranted by the judgment, and no more. The commitment, as it appears from the return filed, is an exact copy of the judgment rendered and is notice to the sheriff that defendant is to be imprisoned in the county jail for the full term of one year, and that the court has addressed a fine against the defendant in the

sum of $300. But there is no direction to th sheriff to detain the defendant in custody until the fine has been paid.

In the case of *Ex parte Patterson,* 29 Nev. 226, 87 Pac. 2, the defendant was committed under the following order:

"Wherefore, it is ordered and adjudged by the court that for said offense you, the said R. W. Patterson, be fined the sum of $500 and imprisonment in the county jail of said county of Washoe for the term of 180 days in addition to said fine, from date hereof."

The Supreme Court of Nevada held that this judgment was plainly for an absolute fine of $500 without order of commitment to imprisonment until said fine be paid, and an absolute imprisonment for 180 days, and that the petitioner could not be imprisoned for the nonpayment of the fine after having served the 180 days imposed upon him under the second part of the sentence.

Petitioner was entitled to be discharged from imprisonment when he had served the full term of one year's imprisonment, and his imprisonment for the nonpayment of the fine under the judgment as rendered is therefore illegal.

The writ is granted, with orders to discharge the petitioner from custody.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.