## Ex parte REECE JOHNSON.

No. A-9603. March 17, 1939.

(88 P. 2d 669.)

Grady Lewis and John C. Zwick, both of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. This is an original petition in habeas corpus of Reece Johnson, asking to be released from custody of the warden of the state penitentiary on the ground that he is unlawfully restrained of his liberty by said warden. The facts set forth in plaintiff's petition in substance are as follows:

That petitioner was convicted in case No. 6943 by the district court of Oklahoma county, Okla., of the crime of robbery with firearms on March 26, 1929, and his punishment fixed by the jury at 20 years imprisonment in the state penitentiary at McAlester; that another charge of robbery with firearms, being case No. 6944, was at that time pending against petitioner; that on the 28th day of March, 1929, upon agreement with one of the judges of the district court of Oklahoma county and the county attorney, it was agreed that if petitioner would plead guilty as charged in case No. 6944, that the sentence and commitment thereon would run concurrently with that in case No. 6943; that relying upon these repre-

sentations, petitioner pleaded guilty to charge No. 6944 on March 28, 1929, and was sentenced to serve a term of 10 years in the penitentiary therefor, said sentence providing that it run concurrently with sentence in case No. 6943.

Petitioner further alleges that on April 6, 1929, he was taken into custody by the sheriff of Oklahoma county, Okla., under and by virtue of the judgment and sentence in case No. 6944, and transported to Oklahoma penitentiary at McAlester and delivered to John Q. Newell, warden of said penitentiary; that shortly thereafter it was discovered that your petitioner had never been formally sentenced upon the conviction had in case No. 6943, and that he was thereupon returned to the district court of Oklahoma county, Okla., and on April 20, 1929, was sentenced upon the verdict of the jury theretofore returned on March 26, 1929, to a term of 20 years' imprisonment in said penitentiary.

Your petitioner states that he completed his sentence in both cases No. 6943 and No. 6944 on November 9, 1938, agreeable to the terms imposed by the sentences in said cases.

Petitioner further alleges that since the 9th of November, 1938, he has been held illegally and that the warden has no legal authority to hold him in the penitentiary.

A response was filed by the warden of the penitentiary to the allegations of the petitioner, which shows that petitioner was sentenced in case No. 6943 by the district court of Oklahoma county on the 20th day of April, 1929; that said judgment and sentence is based on a jury verdict rendered in said court on March 26, 1929; that at the time petitioner was convicted in this cause another cause was pending against him numbered 6944, that both cases were filed according to information fur-

nished us by the court clerk's office on February 4, 1929. That in said cause No. 6944 said Reece Johnson entered his plea of guilty and was sentenced on the 28th day of March, 1929, to serve 10 years in the state penitentiary at McAlester, Okla.

In the response it is further stated that an examination of the two judgments as indicated by the one in No. 6944 shows that said sentences should run concurrently. However, nothing to that effect is indicated in No. 6943, which is a later judgment and sentence.

The only question to be determined in this case is the question, Do the two sentences imposed on the defendant, one based on the conviction of a jury and the other on a plea of guilty, run concurrently? Prior to the plea of guilty in No. 6944 the defendant had been convicted by a jury in No. 6943 and when the sentence was imposed in No. 6944 the district judge imposing the sentence provided specifically that the term of sentence should run concurrently with the sentence in case No. 6943.

Section 3145, O. S. 1931, 21 Okla. St. Ann. § 61, reads as follows:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

In this case the defendant was convicted in No. 6943 and also in No. 6944. In No. 6944 it is clearly shown by the judgment of the court that in No. 6944 the sentence was to run concurrently with the sentence in No. 6943. The conviction in the two cases was during the same term of court. The fact that the defendant had not

been sentenced in No. 6943 before the defendant was sentenced in No. 6944 is immaterial for the reason that the sentence on the conviction of a plea of guilty in No. 6944 provided that the term of imprisonment of No. 6944 should run concurrent with the sentence in No. 6943. A conviction in the two cases had been had before the sentence was imposed by the court in either No. 6943 or No. 6944.

In Ex parte Gilbert, 52 Okla. Cr. 260, 4 P. 2d 695, in the syllabus this court said:

"Under sections 2303 and 2774, Comp. St. 1921, 21 Okla. St. Ann. § 61; 22 Okla. St. Ann. § 976, where a defendant is convicted of two or more crimes before sentence has been pronounced for either, the judgments and sentences shall run consecutively, unless the judgment and sentence in the second or subsequent conviction shall specifically designate that it shall run concurrently with the judgment and sentence of the first or prior conviction or convictions, and, when so specifically stated, it shall run concurrently."

Following the interpretation placed on the statute in Ex parte Gilbert, supra, and the cases therein cited, we hold that the sentence in No. 6944 ran concurrently with the sentence in No. 6943 and that the sentences in both cases have been fully served and the petitioner is entitled to the relief prayed for.

Writ awarded and petitioner ordered discharged.

DOYLE, P. J., and BAREFOOT, J., concur.