Rubin SHETSKY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12213.

Criminal Court of Appeals of Oklahoma.

Oct. 19, 1955.

Rehearing Denied Nov. 23, 1955.

See also 290 P.2d 149.

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Rubin Shetsky, defendant below, was charged by information, in the District Court of Tulsa County, Oklahoma, wherein it was alleged that on the 19th day of April, 1954, in said County and State, the defendant committed the crime of assault with intent to kill, jointly with Frank James Ellsworth and Charles Claire Taylor. A jury was waived, and the defendant Shetsky was tried before Honorable W. Lee Johnson, Judge of the District Court of Tulsa County, Oklahoma. The trial court found the defendant Shetsky guilty of the included offense of assault with a dangerous weapon, fixed his punishment at two years in the State Penitentiary, McAlester, Oklahoma, and entered judgment and sentence accordingly, from which this appeal has been perfected.

The defendant urges but one contention; that the evidence produced at the trial was wholly insufficient to warrant a conviction of the offense of assault with a dangerous weapon. The gist of the argument urged in support of this proposition is, that the evidence is insufficient to indicate that at any time the defendant, Shetsky, and his co-conspirators Ellsworth and Taylor, intended to injure any person for the reason that the evidence does not disclose that any of the officers who pursued the defendants were struck by any bullets discharged from the gun in the hands of this defendant, or his co-conspirators. In order to resolve this contention, it is necessary that we briefly relate the essential facts.

It appears that at about midnight on the day in question, the police officers of the Tulsa Police Department, observed the de-

fendants leaving from in front of the Iverson's Store located at 1650 East 21st Street, in Tulsa, Oklahoma. The turtle back of the automobile was raised and it appeared there was merchandise stacked in the back end of the automobile. The officers pursued the occupants of the automobile, and during the pursuit, Officers Biggs, Norman, and Hicks testified they were fired upon by the occupants of the said automobile. When the automobile occupied by Shetsky and his co-conspirators was finally brought to a stop, a search thereof disclosed that the occupants were in possession of three pistols, one of which had been discharged twice, and smelled of freshly exploded gunpowder. The search of the automobile disclosed that there were approximately $31,000 worth of expensive women's suits and furs, which later identification and proof disclosed had been removed by burglary from Iverson's store.

When the officers pursued the defendant Shetsky and his co-conspirators, they were then in the act of trying to effect an escape and thus get away with their loot. They were conspirators not only in effecting the burglary, but also in attempting to escape apprehension by the officers.

It has been repeatedly held in this State that where a conspiracy is entered into to commit an unlawful act, the conspirators are responsible for all that is said or done, pursuant to the conspiracy by their co-conspirators until the purpose has been fully accomplished. Holmes v. State, 6 Okl.Cr. 541, 119 P. 430, 120 P. 300; Fairris v. State, Okl.Cr., 287 P.2d 708. It appears from the record herein that Shetsky and his co-conspirators were all occupying the front seat of the automobile and that Shetsky was in the middle and that he did not shoot at the officers. Nevertheless, he was a party to the conspiracy and under the conditions, he is responsible for the acts committed by his co-conspirators, and their attempts to effect their escape. As a principal, T. 21, § 172, O.S. 1951, acting in concert, Shetsky cannot escape responsibility for the acts done by his co-conspirators. Parnell v. State, 96 Okl.Cr. 154, 250 P.2d 474, Riddle v. State, 92 Okl.Cr. 397, 223 P.2d 379; Tucker v. State, 89 Okl.Cr.

30, 204 P.2d 540. The accused's situation herein is somewhat akin to that of Noah Tucker, in Tucker v. State, 89 Okl.Cr. 30, 204 P.2d 540. Herein, the fact that the defendant did not actually participate in the shooting, affords him no grounds of escape. He was armed and prepared to shoot. In any event, he was a party to the conspiracy from its inception, and was a party to it at the time of apprehension. See also Bruning v. State, 63 Okl.Cr. 1, 72 P.2d 393.

Affirmed.

JONES, P. J., and POWELL, J., concur.