**Rubin SHETSKY, Petitioner,**

v.

**Robert R. RAINES, Warden Oklahoma State Penitentiary, Respondent.**

**No. A–12753.**

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1959.

Rubin Shetsky, McAlester, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Rubin Shetsky is presently confined in the State Penitentiary at McAlester, having been convicted in the district court of Tulsa County for second degree burglary

and sentenced to serve six years in the state penitentiary, and thereafter convicted in the same court on a charge of assault with a dangerous weapon, and sentenced to serve two years in the penitentiary. Both cases were duly appealed to this Court and affirmed (A–12,212, Shetsky v. State, Okl.Cr., 290 P.2d 149, and A–12,213, Shetsky v. State, Okl.Cr., 290 P.2d 158, 159).

For grounds of relief, petitioner states, first that he was convicted upon evidence obtained in violation of his constitutional rights in case No. A–12,213, and was thereby deprived of the equal protection of the laws guaranteed by the Constitution of the United States. U.S.C.A. Const. Amend. 14.

Second, that petitioner is deprived of liberty without due process of law in that the court in sentencing him in each of the two cases, supra, provided that the sentences should commence upon his arrival at the penitentiary, and that this means that they should run concurrently.

Third, that in the trial court, in the two cases he was brought from the hospital for trial, and this deprived him of fair and impartial trials, in violation of the Fourteenth Amendment to the Constitution of the United States.

The Attorney General has filed response for the Warden of the Penitentiary, in the nature of a demurrer, and alleges that petitioner presents no matters of merit which have not already been adjudicated against him in his appeals to this Court in the two cases above cited.

An examination of the record sustains the Attorney General as to propositions one and three. See Ex parte Vassar, Okl.Cr., 338 P.2d 359.

As to proposition two, the record shows that in the second degree burglary case (A–12,212, Okl.Cr., 290 P.2d 149) the judgment and sentence was entered on March 23, 1955; and that in the assault with a dangerous weapon case (A–12,213, Okl.Cr., 290 P.2d 159), judgment and sentence was entered on April 6, 1955. In the first case, trial was before a jury, and in the second, a jury was waived and defendant was tried before the court. In pronouncing the second judgment and sentence, the court did say, as contended by petitioner: "Said term of sentence to begin from the date of delivery to the Warden of the Penitentiary".

By 21 O.S.1951 § 61, it is provided:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

In construing this section and 22 O.S. 1951 § 976, this Court in Ex parte Halbert, 45 Okl.Cr. 167, 282 P. 478, said:

"Where a defendant is convicted of two or more crimes, where imprisonment is adjudged as a part of the penalty, the sentence in the second or subsequent conviction can run concurrently with the first only in cases where the convictions are had in the two or more cases before sentences had been pronounced in either, and then where the judgment and sentence in the second or subsequent conviction designates that such sentence shall run concurrently with the judgment and sentence in the first or prior conviction. Sections 2303, 2774 Comp. Stat.1921. [21 O.S.1951 § 61; 22 O.S.1951 § 976].

"The time fixed for the commencement of a sentence is not one of its essential elements. The essential part of the judgment is the punishment and the amount thereof. The time when it shall commence is in the nature of an award of execution."

22 O.S.1951 § 976 reads:

"If the defendant have been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses."

In Ex parte Gilbert, 52 Okl.Cr. 260, 4 P.2d 695, this Court held that the time fixed for the execution of a sentence or for the commencement of its execution is not an essential element of the judgment and sentence, and that two separate terms and confinement in the penitentiary do not run concurrently unless the judgment and sentence specifically so state.

It is assumed that the sentence in the second degree burglary case will first be served, and that the sentence in the assault with a dangerous weapon case will next be served.

The writ is denied.

NIX and BRETT, JJ., concur.