Bill SKINNER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14034.

Court of Criminal Appeals of Oklahoma.

April 17, 1968.

Rehearing Denied May 6, 1968.

Welch & Minter, Madill, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge:

Bill Skinner, hereinafter referred to as the defendant, was charged in the District Court of Carter County with the crime of Larceny of an Auto. He was tried before a jury, found guilty, and sentenced to three years in the penitentiary. The appeal was timely lodged in this Court, asserting three assignments of error.

The charge against defendant arose out of the following set of facts. During the night of October 31, 1965, Orvel McComber and his wife were awakened by the sound of an auto being started. As they looked from a window, they observed their 1962 Chevrolet being driven from the driveway. Mrs. McComber notified the police. All squad cars were notified, and shortly the McComber car was seen by the police, and pursuit began. A wild chase ensued, and defendant stopped after some gunfire. When the officers approached the car, defendant took off again, and eventually was stopped the second time approximately eight miles south of Ardmore. He was taken into custody and placed in the Carter County jail.

Defendant's defense was that he was unable to form an intent to take, keep, and permanently deprive the owner of said car. That because of his mental condition, combined with intoxication, the defendant was unable to form said intent. In support of this contention the defendant presented proof that he had been an inmate of a mental institution on five or six different occasions. When defense counsel offered the records of prior sanity hearing, the State objected and the objection sustained by the trial court. Defendant argues that sustaining the objection and refusing to admit the records into evidence constituted error. Defendant failed to make an offer of the evidence to be revealed by the records. This Court cannot intelligently pass upon said question because we do not know the substance of the testimony, and in absence of an offer of proof dictated into the record, we would have to speculate.

It is by far the best policy to make an offer of proof, so it may be reviewed by the appellate court to ascertain its admissibility. See, Wharton's Criminal Law and Procedure, § 2041.

Defendant next contends that the trial court erred in failing to give his requested Instruction No. 1. It is to be noted that the defendant offered an instruction which was refused by the trial judge with the following notation: "Given in sub-

stance, as to intoxication". The record is absolutely void as to an exception to the trial court's ruling. Nor does it reveal that defendant objected to any of the Instructions given.

This question was discussed in the case of Parnell v. State, 96 Okl.Cr. 154, 250 P.2d 474; Carter v. State, Okl.Cr., 376 P.2d 351. The ruling of the Court in this regard takes the view that unless an exception is saved, there is nothing to review unless the error is of such fundamental nature that it denied to the defendant a fair and impartial trial.

■ We do not deem it necessary to discuss defendant's third proposition of error that the trial court failed to sustain defendant's demurrer. We feel that the evidence was sufficient to present a question for the jury who adjudged it adversely to defendant's contention.

Therefore, the judgment and sentence of the trial court is affirmed.

BUSSEY and BRETT, JJ., concur.