ROBERT ALAN HIRT, JR. v. STATE.

244 N. W. 2d 162.

July 9, 1976—No. 46081.

Robert Alan Hirt, pro se, for appellant.

Warren Spannaus, Attorney General, Richard G. Mark, Assistant Solicitor General, Craig H. Forsman, Special Assistant Attorney General, and Roger S. Van Heel, County Attorney, for respondent.

PER CURIAM.

This is an appeal from an order of the district court denying a petition for postconviction relief from a burglary conviction based upon a guilty plea which defendant alleges he entered involuntarily. We affirm.

In Hirt v. State, 298 Minn. 553, 214 N. W. 2d 778 (1974), we considered an appeal by the state from an order granting defendant postconviction relief on the ground that his plea was entered involuntarily. The lower court's order had been based in part on defendant's testimony concerning threats and in part upon the state's failure to call as a rebuttal witness the sheriff who allegedly made the threats. Without excusing the state's failure to call the sheriff as a rebuttal witness, we decided that under the circumstances it would serve the interests of justice to remand for a rehearing at which the sheriff could testify. On remand the sheriff as well as defendant and another witness testified, and the postconviction court found that defendant's plea was voluntarily entered. The lower court's decision was based on its belief that defendant's testimony was lacking in credibility. We will not interfere with that decision.

Two of the other issues raised by defendant on this appeal, the adequacy of counsel and the sufficiency of the factual basis for his plea, were decided by this court in its earlier opinion. Other issues raised by defendant on this appeal include the legality of his arrest and the search of his car and the failure of the sentencing court to order a presentence investigation. These issues were not litigated below. Further, defendant waived his right to raise the Fourth Amendment issues when he pleaded guilty upon the advice of competent counsel, McLaughlin v. State, 291 Minn. 277, 190 N. W. 2d 867 (1971), and the presentence investigation issue is purely statutory and therefore not properly raised in a postconviction proceeding, Gaulke v. State, 289 Minn. 354, 184 N. W. 2d 599 (1971).

Affirmed.