GILDEA, Chief Justice.
In this case we are asked to determine whether the Supreme Court's decision in Birchfield v. North Dakota , 579 U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), and our decisions in State v. Trahan , 886 N.W.2d 216 (Minn. 2016), and State v. Thompson , 886 N.W.2d 224 (Minn. 2016), announced a new rule of constitutional law that applies retroactively to cases on collateral review. The district courts and the court of appeals concluded that the rule was procedural and not retroactive. Because we conclude that the rule is substantive and retroactive, we reverse.
FACTS
This consolidated appeal arises from two separate traffic stops. The first stop occurred in 2009, when St. Anthony police stopped appellant Mark Jerome Johnson on suspicion of driving while impaired (DWI). After Johnson admitted that he had been drinking and showed signs of impairment, police arrested him. Police read Johnson the Minnesota Implied Consent Advisory and asked him whether he would take a blood or a urine test. Johnson refused. Respondent the State of Minnesota charged Johnson with first-degree test refusal, Minn. Stat. §§ 169A.20, subd. 2 (2016), 169A.24 (2010).[1] Johnson pleaded guilty on April 29, 2010 and was sentenced to a 48-month prison term, stayed for 7 years. Johnson did not file a direct appeal.
*678 The second stop occurred in 2014, while Johnson was on probation for his 2010 test-refusal conviction. Police stopped Johnson for using his turn signal improperly. Johnson admitted that he had been drinking, and he failed field sobriety tests. Police then arrested Johnson for DWI and read him the Minnesota Implied Consent Advisory. Johnson said that he wanted to contact an attorney. After affording Johnson time to call an attorney, police asked if he was willing to consent to a chemical test for the presence of alcohol. Johnson indicated that he had been advised by his attorney to refuse unless the officer had a warrant. Police interpreted this as a refusal, and the State charged Johnson with first-degree test refusal, Minn. Stat. §§ 169A.20, subd. 2 (2016), 169A.24 (2012). Johnson pleaded guilty on April 23, 2015 and was sentenced to a 51-month prison term and a mandatory 5-year period of conditional release. Johnson did not file a direct appeal.
In December 2016, Johnson filed a consolidated petition for postconviction relief challenging his 2010 and 2015 convictions for test refusal. He argued that the Supreme Court's decision in Birchfield v. North Dakota , 579 U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), and our decisions in State v. Trahan , 886 N.W.2d 216 (Minn. 2016), and State v. Thompson , 886 N.W.2d 224 (Minn. 2016), announced a new, substantive rule of federal constitutional criminal law that was retroactively applicable to his convictions on collateral review.[2] Under that rule, Johnson maintained that his convictions for refusing to submit to warrantless blood and urine tests violated the constitution and must be vacated.
The district court considered the petition separately for each of Johnson's prior two convictions, with one judge hearing the petition for the 2010 test-refusal conviction, and a different judge hearing the petition for the 2015 test-refusal conviction. Each district court concluded that the Birchfield rule was procedural and did not apply retroactively to Johnson's conviction. Alternatively, each concluded that by pleading guilty, Johnson waived the right to challenge his conviction. Both courts summarily denied Johnson's petition.
Johnson appealed both district court decisions, and the court of appeals consolidated the appeals. The court of appeals affirmed, concluding that the Birchfield rule did not apply retroactively to Johnson's final convictions because the rule was procedural in nature, and accordingly, the district courts did not abuse their discretion by denying Johnson's postconviction petitions. Johnson v. State , 906 N.W.2d 861, 867 (Minn. App. 2018). We granted Johnson's petition for review.
ANALYSIS
This case comes to us on appeal from decisions on Johnson's postconviction petition. We review the denial of a petition for postconviction relief for an abuse of discretion. Dikken v. State , 896 N.W.2d 873, 876 (Minn. 2017). We will reverse a postconviction court if the court " 'exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings.' " Brown v. State , 863 N.W.2d 781, 786 (Minn. 2015) (quoting Reed v. State , 793 N.W.2d 725, 729 (Minn. 2010) ).
On appeal, Johnson argues that the Birchfield rule applies retroactively. The *679 State contends that, because Johnson pleaded guilty, he waived his right to assert that the Birchfield rule applies retroactively. If we reach the question of whether the Birchfield rule applies retroactively, the State urges us to affirm. Specifically, the State contends that the rule is procedural and therefore inapplicable to cases on collateral review.
Before addressing the parties' arguments and to provide context for our analysis, we turn first to a discussion of the Birchfield rule. In Birchfield v. North Dakota , the Supreme Court consolidated three cases, each of which concerned whether criminal test-refusal laws violated the Fourth Amendment prohibition against unreasonable searches. 579 U.S. ----, 136 S.Ct. 2160, 2170-72, 195 L.Ed.2d 560 (2016). Although the cases shared the same general issue, two of them were based on the refusal of a blood test, and the other on the refusal of a breath test. Id. The Court noted that in order to criminalize a suspected impaired driver's refusal of a warrantless search, the warrantless search must "comport with the Fourth Amendment." Id. at ----, 136 S.Ct. at 2172. It further held that a breath test was a permissible search incident to a lawful arrest, but that a blood test did not fall within this exception to the warrant requirement. Id. at ----, 136 S.Ct. at 2185. Consequently, the State could make it a crime for a suspected impaired driver to refuse a blood test only if the police have a search warrant or a valid exception to the warrant requirement applies. Id. at ----, 136 S.Ct. at 2185-86.
Following the Supreme Court's decision in Birchfield , we decided State v. Trahan , 886 N.W.2d 216 (Minn. 2016), and State v. Thompson , 886 N.W.2d 224 (Minn. 2016). In Trahan , the defendant was arrested on suspicion of DWI and refused to submit to a blood test. 886 N.W.2d at 219. He was subsequently charged with and pleaded guilty to first-degree test refusal. Id. at 219-20. In a postconviction petition filed after Trahan's direct appeal was stayed, he argued that the test-refusal statute was unconstitutional as applied to him. Id. at 220. We applied Birchfield , holding that "the Fourth Amendment prohibits convicting Trahan for refusing the blood test requested of him absent the existence of a warrant or exigent circumstances." Id. at 221. We concluded that, because no exigent circumstances existed, the test-refusal statute, Minn. Stat. § 169A.20, subd. 2, was "unconstitutional as applied." Id. at 224.
In Thompson , the defendant was convicted of second-degree test refusal after he refused warrantless blood and urine tests. 886 N.W.2d at 227. We concluded that " Birchfield is dispositive with respect to the blood test that Thompson refused" and that "[a] warrantless blood test may not be administered as a search incident to a lawful arrest of a suspected drunk driver." Id. at 229. We also held that a urine test was not a permissible search incident to a lawful arrest. Id. at 233. The State did not argue that exigent circumstances existed. Id. at 229 n.3. Accordingly, we determined that the test-refusal statute was unconstitutional as applied to Thompson, and that he could not be "prosecuted for refusing to submit to an unconstitutional warrantless blood or urine test." Id. at 234.
In sum, the Court's decision in Birchfield and our application of Birchfield in Trahan and Thompson mean that, in the DWI context, the State may not criminalize refusal of a blood or a urine test absent a search warrant or a showing that a valid exception to the warrant requirement applies. With this description of the Birchfield rule in mind, we turn to the parties' arguments.
*680 I.
We first consider whether, as the State argues, Johnson's guilty plea precludes him from arguing that the Birchfield rule is retroactive. The State asserts that Johnson's argument is based on his Fourth Amendment right to be free from an unreasonable search. And the State contends that by pleading guilty to test refusal, Johnson forfeited his right to collaterally attack his convictions on that basis. For his part, Johnson argues that because he was convicted under a statute that was deemed to be unconstitutional as applied, the district courts had no jurisdiction to accept his guilty plea. Accordingly, Johnson claims, his guilty pleas do not bar his argument that the Birchfield rule applies retroactively to his collateral attack on his convictions. We agree with Johnson.
A district court has subject-matter jurisdiction to convict a defendant of all crimes cognizable under the laws of the State of Minnesota. See Reed v. State , 793 N.W.2d 725, 731 (Minn. 2010) (citing United States v. Cotton , 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) ). But a court is without jurisdiction to convict a defendant of conduct that is not criminal. See Ex parte Siebold , 100 U.S. 371, 377, 25 L.Ed. 717 (1879) ("[I]f the laws [criminalizing particular conduct] are unconstitutional and void, the Circuit Court acquired no jurisdiction of the causes. Its authority to indict and try the petitioners arose solely upon these laws."). If "a statute is unconstitutional, it is not a law and it is as inoperative as if it had never been enacted." Fedziuk v. Comm'r of Pub. Safety , 696 N.W.2d 340, 349 (Minn. 2005). Because "[a]n offence created by [an unconstitutional law] is not a crime[, a] conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." Siebold , 100 U.S. at 376-77. Accordingly, if a defendant attacks the constitutionality of the statute underlying the defendant's conviction, as opposed to police or prosecutorial conduct, the defendant asserts a challenge to the court's subject-matter jurisdiction. See Giersdorf v. A & M Constr., Inc. , 820 N.W.2d 16, 20 (Minn. 2012) (noting that subject-matter jurisdiction refers to a court's power to decide a particular case).
Johnson is in effect asserting a challenge to subject-matter jurisdiction. Johnson argues that he was convicted under a statute that is unconstitutional as applied to him. Johnson's argument therefore attacks the subject-matter jurisdiction of the district court. And, by pleading guilty, Johnson did not forfeit his right to make this jurisdictional argument.[3] See McCullough & Sons, Inc. v. City of Vadnais Heights , 883 N.W.2d 580, 585 (Minn. 2016) (citing Seehus v. Bor-Son Constr., Inc. , 783 N.W.2d 144, 147 (Minn. 2010) ) (noting that subject-matter jurisdiction may not be waived by the parties).
In urging us to reach the opposite conclusion and find forfeiture, the State cites Hirt v. State , 309 Minn. 574, 244 N.W.2d 162 (1976). There, we held that the "defendant waived his right to raise the Fourth Amendment issues when he pleaded guilty." Id. at 162. But Johnson is not attacking the conduct of the police. He is not challenging a search as a violation of the Fourth Amendment in either case. Indeed, no searches occurred. He is also not arguing that he was compelled to consent to a chemical test under pain of prosecution. Indeed, no chemical tests occurred.
*681 Nor does Johnson challenge the reasonable suspicion underlying the stops or the probable cause that justified his arrests. If he were asserting any of these Fourth Amendment claims in a postconviction petition, the petition should be denied. Id.
Instead of making an argument that his Fourth Amendment rights were violated, Johnson alleges that, because the Birchfield rule makes the Minnesota test-refusal statute unconstitutional as applied to him, his convictions for violating that statute are invalid. That argument is fundamentally a subject-matter jurisdiction challenge. We therefore hold that Johnson's guilty pleas did not forfeit his argument that the Birchfield rule applies retroactively.
II.
We turn next to the parties' dispute over the retroactivity of the Birchfield rule. Whether a rule of federal constitutional law applies retroactively to convictions that were final when the rule was announced is a legal question that we review de novo. Campos v. State , 816 N.W.2d 480, 485 (Minn. 2012).[4] We apply the standard from Teague v. Lane , 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), to determine the retroactive effect of a rule of federal constitutional law. See Danforth v. State , 761 N.W.2d 493, 498 (Minn. 2009).
Under Teague , we ask whether the rule in question is a new rule or an old rule. If it is a new rule, then the rule is applied only to cases that are not yet final when the rule was announced, and the rule generally has no retroactive effect. Teague , 489 U.S. at 305-06, 109 S.Ct. 1060. The parties agree that the Birchfield rule is a new rule for purposes of the Teague retroactivity analysis, and we will assume it is a new rule in this appeal.
Although a new rule of law generally does not apply retroactively to final convictions, Teague provides two exceptions. Teague , 489 U.S. at 311, 109 S.Ct. 1060. A new rule may be applied retroactively if it: (1) is substantive, as compared to procedural, or (2) is a new "watershed" rule of criminal procedure. See Schriro v. Summerlin , 542 U.S. 348, 351-52, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) ; see also Danforth , 761 N.W.2d at 496. Only the first exception is at issue here, and the parties dispute whether the Birchfield rule is substantive or procedural.
The State argues that the Birchfield rule is procedural, controlling only police conduct, redefining the scope of searches permissible under the Fourth Amendment, and leaving no private conduct categorically beyond the scope of the test-refusal statute. Johnson contends that Birchfield created a substantive rule because it changed the elements of the crime of test refusal and narrowed the scope of the test-refusal statute, effectively creating a class of people constitutionally immune from punishment.
To address the parties' arguments and determine whether a rule is substantive or procedural, we look to the nature of the rule. A rule is substantive if it "alters the range of conduct or the class *682 of persons that the law punishes." Schriro , 542 U.S. at 353, 124 S.Ct. 2519. In other words, a decision that "narrow[s] the scope of a criminal statute," as well as a constitutional determination that "place[s] particular conduct or persons covered by the statute beyond the State's power to punish" is substantive for purposes of the retroactivity analysis. Id. at 351-52, 124 S.Ct. 2519. Such rules apply retroactively because they " 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal.' " Id. at 352, 124 S.Ct. 2519 (quoting Bousley v. United States , 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ).
A procedural rule, on the other hand, "regulate[s] only the manner of determining the defendant's culpability." Id. at 353, 124 S.Ct. 2519 (emphasis omitted). Such rules simply "alter 'the range of permissible methods for determining whether a defendant's conduct is punishable.' " Welch v. United States , 578 U.S. ----, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016) (quoting Schriro , 542 U.S. at 353, 124 S.Ct. 2519 ). Procedural rules are not applied retroactively because they raise only "the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Schriro , 542 U.S. at 352, 124 S.Ct. 2519 (emphasis added).
The Birchfield rule does not merely regulate the manner in which a defendant is determined to be guilty or not guilty. The rule instead changes who can be prosecuted for test refusal. Prior to Birchfield , Minnesota statutes provided that persons could be convicted of test refusal if they "refuse[d] to submit to a chemical test of the person's blood, breath, or urine." See Minn. Stat. § 169A.20 (2016). But under the Birchfield rule, persons may be convicted of test refusal only if they refuse to submit to a breath test or if they refuse to submit to a blood or urine testwhen the police have a search warrant or a valid exception to the warrant requirement applies. Because of the Birchfield rule, those drivers who refuse to submit to warrantless blood or urine tests cannot be prosecuted unless the State proves that an exception to the warrant requirement applies. If no exception is proved, these drivers then are beyond the power of the State to punish.
In this way, the Birchfield rule operates similarly to the rule at issue in Bousley v. United States , 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), in which the Supreme Court determined the retroactivity of Bailey v. United States , 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In Bailey , the Court considered the "use" prong of a statute that imposed penalties for using or carrying a firearm when committing a crime. Bailey , 516 U.S. at 138-39, 116 S.Ct. 501 ; see 18 U.S.C. § 924(c)(1) (2012) (imposing 5-year sentence on any person who "during any crime of violence ... uses or carries a firearm"). The Court determined that the "use" of a firearm included only the "active employment of the firearm" and not mere possession. Bailey , 516 U.S. at 144, 116 S.Ct. 501.
Subsequently, the Court in Bousley concluded that Bailey was substantive and would apply to a post- Bailey collateral attack of a conviction based on a guilty plea because the rule mandated that a "criminal statute does not reach certain conduct." Bousley , 523 U.S. at 620, 118 S.Ct. 1604 ; see also Welch , 578 U.S. at ----, 136 S.Ct. at 1265 (holding that a rule that "changed the substantive reach" of the Armed Career Criminal Act by altering "the range of conduct or the class of persons" the act punished was substantive (citation omitted) (internal quotation marks omitted) ). The *683 same is true of Minnesota's test-refusal statute after Birchfield .[5]
The Birchfield rule has placed a category of conduct outside the State's power to punish. Now, a suspected impaired driver may only be convicted of test refusal if that person refused a breath test or refused a blood or urine test that was supported by a warrant or a valid warrant exception. The Birchfield rule therefore is substantive.
In urging us to reach the contrary conclusion and hold that the Birchfield rule is procedural, the State asserts that the rule merely modified police conduct. Specifically, the State focuses on the fact that, after Birchfield , police must secure a warrant or demonstrate that an exception to the warrant requirement applies before demanding a blood or urine test. Because the rule changed the procedure the police must follow before a driver may be prosecuted for test refusal, the State argues, the Birchfield rule must be procedural and cannot be substantive. We disagree.
As the Supreme Court explained in Montgomery v. Louisiana , focusing on a procedural aspect of a substantive rule "conflates a procedural requirement necessary to implement a substantive guarantee with a rule that 'regulates[s] only the manner of determining the defendant's culpability.' " 577 U.S. ----, 136 S.Ct. 718, 734-35, 193 L.Ed.2d 599 (2016) (emphasis omitted) (quoting Schriro , 542 U.S. at 353, 124 S.Ct. 2519 ). In other words, simply because a rule touches on procedure does not mean that the rule is procedural for retroactivity purposes. And although the State is correct in noting that the Birchfield rule regulates the conduct of police officers when performing chemical testing, the rule does not regulate the manner of determining a defendant's culpability when a person has refused a warrantless blood or urine test and no warrant exception applies; it puts that conduct beyond the power of a court to convict. In other words, for anyone convicted of test refusal for refusing a blood or urine test when the police did not have a warrant or a warrant exception did not apply, no procedure, " 'even the use of impeccable fact finding procedures' " could now validate a conviction for test refusal because that crime no longer exists. See Welch , 578 U.S. at ----, 136 S.Ct. at 1265 (quoting United States v. U.S. Coin & Currency , 401 U.S. 715, 724, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971) ).[6] Because the function of the Birchfield rule is substantive, defining who can and who cannot be culpable for refusing to submit to a chemical test, the fact that the police need to *684 change their procedure to conform to the rule does not change the nature of the rule for retroactivity purposes. See id. at ----, 136 S.Ct. at 1266 (explaining that the determinative factor is "whether the new rule itself has a procedural function or a substantive function-that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons that the law punishes").
Finally, the State argues that, for a rule to be retroactive, it must apply to all cases. Because an individual, case-by-case analysis would be required to apply the Birchfield rule, the State contends, the rule is not retroactive. The State is correct that the application of the Birchfield rule may require each case to be assessed individually to determine whether a warrant or an exception to the warrant requirement existed at the time of the test refusal. But, as Johnson argues, Montgomery , 577 U.S. ----, 136 S.Ct. 718, shows that even a rule requiring a case-by-case analysis can be retroactive.[7]
In Montgomery , the Court examined the retroactivity of its decision in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (concluding that mandatory life sentences without parole for juveniles violated the Eighth Amendment). Miller "did not bar a punishment for all juvenile offenders," because it allowed courts, following a hearing, to impose a sentence of life without parole on those juvenile offenders "whose crimes reflect permanent incorrigibility." Montgomery , 577 U.S. at ----, 136 S.Ct. at 734. And the Court expressly recognized that a case-by-case analysis of each defendant was required to determine if they could continue to be incarcerated without the possibility of parole. See id. at ----, 136 S.Ct. at 736 ("A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them."). The Court, however, still concluded that Miller was substantive because it "raise[d] a grave risk that many are being held in violation of the Constitution." Id. at ----, 136 S.Ct. at 736.
Similarly here, there will need to be case-by-case determinations to assess whether there was a warrant or an exception to the warrant requirement sufficient to sustain test-refusal convictions under the Birchfield rule. But this case-by-case analysis does not "transform [a] substantive rule[ ] into a procedural one[ ]." Id. at ----, 136 S.Ct. at 735.
For the reasons explained above, we hold that the Birchfield rule is substantive and applies retroactively to Johnson's convictions on collateral review. Even though the Birchfield rule applies to Johnson's convictions, reversal of those convictions is not automatic. On remand, the district courts will need to apply the Birchfield rule and determine if the test-refusal statute was unconstitutional as applied to Johnson.[8]
*685 CONCLUSION
For the foregoing reasons, we reverse and remand to the district court for further proceedings consistent with this opinion.
Reversed and remanded.

Johnson was charged with first-degree test refusal because, at the time, he had three or more qualified prior impaired driving incidents within the last 10 years. See Minn. Stat. §§ 169A.09, 169A.24 (2010) ; see also Minn. Stat. § 169A.24 (2012).

Both parties agree that these three holdings represent a single rule of law that originated in Birchfield and our court applied in Trahan and Thompson . For simplicity, we refer to the rule as the "Birchfield rule."

It is well-established that we have the authority, i.e. jurisdiction, to determine whether we have jurisdiction. City of Duluth v. Fond du Lac Band of Lake Superior Chippewa , 843 N.W.2d 577, 582 (Minn. 2014) ; see United States v. Ruiz , 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002).

The retroactivity analysis is done only if a conviction was final before the new rule was announced. See Campos , 816 N.W.2d at 488. Because Johnson did not file a direct appeal of either of his test-refusal convictions, the conviction became final when the time for filing a direct appeal expired. See Hutchinson v. State , 679 N.W.2d 160, 162 (Minn. 2004). Johnson had 90 days in which to file a direct appeal of his test-refusal convictions. See Minn. R. Crim. P. 28.02, subd. 4(3)(a). Johnson's 2010 and 2015 convictions therefore were both final when the Birchfield rule was announced in 2016. This conclusion is true regardless of whether we use the date that Birchfield was decided, June 23, 2016, or the date that Trahan and Thompson were decided, October 12, 2016.

In fact, after the Birchfield rule was announced, the Legislature amended the test-refusal statute to expressly reflect the changes required by the Birchfield rule. See Act of May 23, 2017, ch. 83, art. 2, § 2, 2017 Minn. Laws 351, 355 (codified at Minn. Stat. § 169A.20, subd. 2 (Supp. 2017) ).

The State argues that Welch is distinguishable. In Welch , the Court addressed the retroactivity of the rule from Johnson v. United States , 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), a case where the Court struck down part of a federal sentencing statute. We agree with the State that the Birchfield rule does not result in any part of the test-refusal statute being facially unconstitutional. But that does not mean that the Birchfield rule is not substantive. The Court in Welch considered and rejected the idea that there is a difference for retroactivity purposes between a new rule that invalidates a statute and one that does not. See Welch , 578 U.S. at ----, 136 S.Ct. at 1267 (explaining that even if a rule simply interpreted a statute, it would still be analyzed under the "normal criteria for a substantive rule"). The invalidation of the statute in Welch, then, has no bearing on whether the Birchfield rule is substantive.

The State also argues that Birchfield would be difficult to apply on a case-by-case basis because it would require individual, procedurally distinct, postconviction proceedings that may, as in this case, require examining an undeveloped record because of guilty pleas. Concerns regarding application of the rule, however, cannot outweigh the demands of justice. If a rule has been determined to be substantive, it must be applied retroactively to all affected. See Teague , 489 U.S. at 300, 109 S.Ct. 1060 (explaining that evenhanded justice requires that the rule be applied retroactively to all who are similarly situated).

Under the Birchfield rule, the State cannot criminalize a driver's refusal of a blood or urine test absent a warrant or a showing of a valid exception to the warrant requirement. One exception to the warrant requirement for blood and urine tests that could apply is exigent circumstances. See Trahan , 886 N.W.2d at 222. We express no opinion on whether Missouri v. McNeely , 569 U.S. 141, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013), applies to any exigent-circumstances determination for either of Johnson's test-refusal convictions.