[J-29-2019][M.O. - Wecht, J.]

## IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 26 WAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered on 2/14/18 at No. 158 |
| | : | WDA 2017 affirming the order of the |
| v. | : | Court of Common Pleas of Somerset |
| | : | County entered 12/22/16 at No. CP-56- |
| | : | CR-0000544-2015 |
| JEFFREY ALAN OLSON, | : | |
| | : | |
| Appellant | : | ARGUED:  April 10, 2019 |

### DISSENTING OPINION

**CHIEF JUSTICE SAYLOR**          **DECIDED:  OCTOBER 31, 2019**

I respectfully dissent, since I agree with the jurisdictions which have held that the rule set forth in *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160 (2016), is substantive in character.  *See Johnson v. State*, 916 N.W.2d 674, 684 (Minn. 2018); *Morrel v. North Dakota*, 912 N.W.2d 299, 305 (N.D. 2018); *New Mexico v. Vargas*, 404 P.3d 416, 420 (N.M. 2017).  Specifically, "*Birchfield* bars criminal sanctions previously imposed upon a subject for refusing to submit to warrantless blood tests," and therefore, places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe."  *Id.* (quoting *Teague v. Lane*, 489 U.S. 288, 307, 109 S. Ct. 1060, 1073 (1989)).

The majority places substantial reliance on the availability of the exigent circumstances exception to the warrant requirement to demonstrate that refusals are not beyond the power of the Legislature to forbid.  *See* Majority Opinion, *slip op.* at 13-

14. No explanation is provided, however, of how a person subject to a request (or demand) by police to submit to a blood test is to know whether, or to what extent, officers are faced with exigent circumstances. Indeed, most often the exigent circumstances determination will depend on close *post hoc* judgments by reviewing courts concerning an array of factors that would at the time be known only to police (including the pressing nature of their investigative duties, the availability of personnel and resources, and the proximity of facilities and necessary equipment). If the majority's rationale is to prevail, I fail to see how the constitutional right of refusal confirmed in *Birchfield* could be afforded meaningful protection, given that the availability of this ostensible right will likely be unknowable to individuals at the time they are subject to law enforcement demands. Accordingly, in the terms of the Fourth Amendment itself, it seems to me that -- relative to the criminalization of refusals -- reliance on exigent circumstances to defeat the right to refuse is "unreasonable." U.S. CONST., amend. IV.

Notably, in the aftermath of *Birchfield*, the Pennsylvania Legislature has not attempted to criminalize refusals in the presence of exigent circumstances. It did, however, amend Section 3804 of the Vehicle Code to criminalize blood-test refusals where police have secured a valid search warrant. *See* 75 Pa.C.S. §3804(c). This is in line with the Commonwealth's argument that the warrant requirement itself serves as a procedural measure curing the flaw in the supplanted statute. *See* Brief for Appellant at 5.

This argument appears to me to be very strong as concerns the constitutionality of the amended statute. Regarding the retroactive application of *Birchfield*, however, the difficulty is that the right to be free from unreasonable warrantless searches enshrined in the Fourth Amendment has material substantive attributes. *See*

*Schneckloth v. Bustamonte*, 412 U.S. 218, 282, 93 S. Ct. 2041, 2076 (1973) ("In the context of the Fourth Amendment, the relevant *substantive* requirements are that searches be conducted only after evidence justifying them has been submitted to an impartial magistrate for a determination of probable cause." (emphasis added)). In other words, the Constitution itself embeds what otherwise may be regarded as a procedural mechanism into the sensitive arena of substantive individual rights.

In view of the above, in my judgment, the default rule should be that *Birchfield* applies retroactively, subject to other material considerations such as waiver. *See United States v. Booker,* 543 U.S. 220, 268, 125 S. Ct. 738, 769 (2005) (explaining that federal retroactivity analysis does not preclude "reviewing courts [from] apply[ing] ordinary prudential doctrines, determining, for example, whether the issue was raised below or whether it fails the 'plain error' test.").